FILED
CLERK, U.S. DISTRICT COURT

4/1/14

CENTRAL DISTRICT OF CALIFORNIA
BY: *Julie Barrera* DEPUTY

**UNDER SEAL**

1   Gary A. Pemberton, Bar No. 126159
    Mark Bradshaw, Bar No. 192540
2   **SHULMAN HODGES & BASTIAN LLP**
    8105 Irvine Center Drive, Suite 600
3   Irvine, California 92618
    Telephone: (949) 340-3400
4   Facsimile: (949) 340-3000

5   Attorneys for Defendant Yin Hsu Chen aka Chin-Ying Hsu

6

7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10               **SOUTHERN (SANTA ANA) DIVISION**

11

12   **TATUNG COMPANY, LTD., a**          ) Case No. SACV13-01743 DOC (ANx)
     **Foreign Corporation,**              )
13                                         ) **CHIN-YING HSU'S**
                                           ) **MEMORANDUM OF POINTS AND**
14              **Plaintiff,**             ) **AUTHORITIES IN SUPPORT OF**
                                           ) **HER MOTION TO DISMISS**
15   vs.                                   ) **TATUNG'S FIRST AMENDED**
                                           ) **COMPLAINT**
16   **SHU TZE HSU, a foreign national;**  )
     **SHOU-POR HOUNG, a foreign**         ) **(Fed.R.Civ.P. 12 (b))**
17   **national; CHIN-YING HSU, a**        )
     **foreign national; JACK HOUNG, a**   ) (Notice of Motion and Motion,
18   **foreign national; HOWARD**          ) Declarations of Chin-Ying Hsu and
     **HOUNG, a foreign national; LI FU**  ) Kai-Hua Yu and Proposed Order filed
19   **INVESTMENT CO., a foreign**         ) and lodged concurrently herewith)
     **corporation; RH HOLDINGS, LLC,**    )
20   **a Delaware LLC; WDE SOLUTION,**     ) **FILED CONDITIONALLY UNDER**
     **INC., a foreign corporation;**      ) **SEAL**
21   **NEXCAST, LLC, a Delaware LLC;**     )
     **GORHAM INVESTMENT, LLC, a**         ) **(PURSUANT TO PROTECTIVE**
22   **foreign limited liability company;**) **ORDER DATED MARCH 13, 2014)**
     **CHIMEI TRADING CO., LTD,**          )
23   **foreign company.**                  ) Date: May 5, 2014
                                           ) Time: 8:30 a.m.
24              **Defendants.**            ) Courtroom: 9D
                                           )
25   ──────────────────────────────────── )

26

27

28

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

# **TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT.................................................................. 1

II. STATEMENT OF FACTS ................................................................... 3

III. ARGUMENT ...................................................................................... 6

    A.    The Court Lacks Personal Jurisdiction Over Hsu................................. 6

        1.    The Court Lacks General Personal Jurisdiction Over Hsu......... 7

        2.    The Court Lacks Limited Personal Jurisdiction Over Hsu......... 8

            a.    Tatung Fails to Allege that Hsu Purposefully Directed Activities at California or its Residents or Availed Herself of the Privilege of Conducting Activities Within California ............................................... 8

            b.    Tatung Fails to Allege that Tatung's Claims Arise out of or Result from Hsu's Forum-Related Activities............................................................................ 9

            c.    Exercise of Jurisdiction Over Hsu Would be Unreasonable ...................................................................... 10

    B.    Rule 12(b)(6) Standard of Review ........................................ 13

        1.    *Twombly/Iqbal* Requirements.................................................... 13

        2.    Rule 9(b) Requirements............................................................. 14

    C.    The Court Should Dismiss Tatung's RICO Claim and this Lawsuit Because Tatung Lacks Standing to Prosecute it and Fails to State a RICO Claim Rendering this Court Without Subject Matter Jurisdiction ...................................................... 15

        1.    Tatung Lacks Standing to Assert a RICO Claim Because Hsu's and the Other Defendants' Alleged Conduct was not the Proximate Cause of Tatung's Injuries ......................... 15

        2.    Tatung Cannot Allege a RICO Claim Based on Alleged Fraudulent Activity Occurring Outside of the United States ....................................................................................... 16

        3.    Tatung's RICO Claims Against Hsu do not Comply with *Twombly/Iqbal* or Rule 9(b)'s Heightened Pleading Requirements ........................................................................... 17

    D.    Tatung's Conspiracy to Commit Fraud and Fraudulently Transfer Assets Claims Against Hsu Fail to Meet Rule 9(b)'s Heightened Pleading Requirements..................................... 19

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

i

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

E.   Tatung's Avoidance and Recovery of Fraudulent Transfer of
LED TV Assets Claim Again Hsu Fails to State a Claim ................ 21

    1.   Tatung's Constructive Fraudulent Transfer Claim Fails
Because Tatung Fails to Allege Facts Demonstrating
CMA did not Receive Reasonable Equivalent Value for
WDE's Assets ................................................................ 21

    2.   Tatung's Intentional Fraudulent Transfer Claim Against
Hsu Fails to Comply with Rule 9(b) ...................................... 23

F.   The Court Should Dismiss Tatung's *Alter Ego* Claim Because
There is not a Substantive Claim for *Alter Ego* and Tatung does
not Plead Sufficient Facts to Invoke the *Alter Ego* Doctrine
Against Hsu ...................................................................... 24

IV. CONCLUSION .................................................................... 25

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

# TABLE OF AUTHORITIES

## CASES

*Allstate Ins. Co. v. Countrywide Fin. Corp.,*
  842 F.Supp.2d 1216 (C.D. Cal. 2012) ....................................................14, 22, 23

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,*
  1 F.3d 848 (9th Cir. 1993) ............................................................................7, 11

*Asahi Metal Industry Co., Ltd. v. Sup.Ct. of Calif.,*
  480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) .......................................12

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) .....................13, 14, 21

*Ballard v. Savage,*
  65 F.3d 1495 (9th Cir. 1995) ............................................................................10

*Baytree Capital Associates, LLC v. Quan,*
  2008 U.S. Dist. LEXIS 115634 (C.D. Cal. Sept. 29, 2008) .......................17, 18

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .....................13, 14, 21

*Borsellino v. Goldman Sachs Group, Inc.,*
  477 F.3d 502 (7th Cir. 2007) ............................................................................20

*Boschetto v. Hansing,*
  539 F.3d 1011 (9th Cir. 2008) ..........................................................................8

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ..........................9, 10, 12

*Butte Mining PLC v. Smith,*
  76 F.3d 287 (9th Cir. 1996) ........................................................................16, 17

*Calder v. Jones,*
  465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) ......................................6

*Data Disc, Inc. v. Systems Technology Assocs., Inc.,*
  557 F.2d 1280 (9th Cir. 1977) ............................................................................6

*Destfino v. Reiswig,*
  630 F.3d 952 (9th Cir. 2011) ............................................................................20

*Dever v. Hentzen Coatings, Inc.,*
  380 F.3d 1070 (8th Cir. 2004) ............................................................................6

*Dileo v. Ernst & Young,*
  901 F.2d 624 (7th Cir. 1990) ......................................................................14, 20

*Doe v. American Nat'l Red Cross,*
  112 F.3d 1048 (9th Cir. 1997) ..........................................................................10

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

iii

4754-000Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

*Dole Food Co. v. Gutierrez,*
   2004 U.S. Dist. LEXIS 28429 (C.D. Cal. July 13, 2004) .................................17

*Dole Food Co. v. Watts,*
   303 F.3d 1104 (9th Cir. 2012)...............................................................8, 11

*Eclectic Properties East, LLC v. The Marcus & Millichap Co.,*
   2010 U.S. Dist. LEXIS 7381 (N.D. Cal. Jan. 29, 2010)................................25

*Emeraldian Ltd. Partnership v. Wellmix Shipping Ltd,*
   2009 U.S. Dist. LEXIS 89355 (S.D.N.Y. Sept. 28, 2009) .........................24, 25

*Epstein v. Washington Energy Co.,*
   83 F.3d 1136 (9th Cir. 1996) ...............................................................13

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
   ___ U.S. ___, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) .............................7, 8

*Hokama v. E.F. Hutton & Co., Inc,*
   566 F.Supp. 636 (C.D. Cal. 1983)..........................................................18

*Holmes v. Sec. Investor Prot. Corp.,*
   503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992) ...........................15, 16

*In re Brobeck, Phleger & Harrison LLP,*
   408 B.R. 318 (N.D. Cal. 2009)...............................................................22

*In re United Energy Corp.,*
   944 F.2d 589 (9th Cir. 1992)................................................................22

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) .......................................6

*Jobe v. ATR Marketing, Inc.,*
   87 F.3d 751 (5th Cir. 1996)..................................................................9

*Johnston v. Multidata Systems Int'l Corp.,*
   523 F.3d 602 (5th Cir. 2008)................................................................11

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009) ...........................................................14, 23

*Kinslow v. Pullara,*
   538 F.3d 687 (7th Cir. 2008) ...............................................................6

*Legal Additions LLC v. Kowalski,*
   2010 U.S. Dist. LEXIS 5095 (N.D. Cal. Jan. 22, 2010)...............................25

*Menken v. Emm,*
   503 F.3rd 1050 (9th Cir. 2007) ..........................................................10, 11

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,*
   84 F.3d 560 (2nd Cir. 1996) ................................................................7

*Montgomery v. Wal-Mart Stores, Inc.,*
   2013 U.S. Dist. LEXIS 133754 (S.D. Cal. Sept. 18, 2013) ..........................24

iv

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Huang, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

*Moore v. Kayport Package Express, Inc.,*
    885 F.2d 531 (9th Cir. 1989) ................................................................14, 17

*National Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of
    Psychology,*
    228 F.3d 1043, 1049 (9th Cir. 2000) ...............................................13

*Neilson v. Union Bank of Cal., N.A.,*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003)..........................................24

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) .............................................................14, 15

*Rano v. Sipa Press, Inc.,*
    987 F.2d 580 (9th Cir. 1993) .................................................12

*Rio Properties, Inc. v. Rio Int'l Interlink,*
    284 F.3d 1007 (9th Cir. 2002) ...................................................6

*Schreiber Dist. Co. v. Serv-Well Furniture Co.,*
    806 F.2d 1393 (9th Cir. 1986) .................................................17

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2003) .......................................................8

*Sedima, S.P.R.L. v. Imrex Co., Inc.,*
    473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) .....................15

*Sonora Diamond Corp. v. Sup. Ct.,*
    83 Cal.App.4th 523, 99 Cal.Rptr.2d 824 (2000) ...........................24

*Sunnyside Dev. Co. LLC v. Cambridge Display Tech., Ltd.,*
    2008 U.S. Dist. LEXIS 74850 (N.D. Cal. 2008)............................23

*Swartz v. KPMG, LLP,*
    476 F.3d 756 (9th Cir. 2007) ...........................................6, 7, 20

*Tapang v. Wells Fargo Bank,*
    2012 U.S. Dist. LEXIS 123868 (N.D. Cal. Aug. 30, 2012).............17

*Terracom v. Valley Nat'l Bank,*
    49 F.3d 555 (9th Cir. 1995) ...........................................................12

*Ticketmaster-New York, Inc. v. Alioto,*
    26 F.3d 201 (1st Cir. 1994).................................................12

*USA Certified Merchs., LLC v. Koebel,*
    262 F.Supp.2d 319 (S.D.N.Y. 2003) ..............................................18

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) .........................................................15

*Walden v. Fiore,*
    688 F.3d 558 (9th Cir. 2012) ................................................8, 11

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

v

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

*Warren v. Fox Family Worldwide,*
    328 F.3d 1136 (9th Cir. 2003) ........................................................................8, 11

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) ..........................................6

## STATUTES

18 U.S.C. §1964 ...................................................................................................15

Cal. Code Civ. Proc. §493.010 ............................................................................21

Cal. Code Civ. Proc. §3439.04 ............................................................................21

## RULES

Fed.R.Civ.P. 9 ...............................................................................................*passim*

Fed.R.Civ.P. 12 ....................................................................................................13

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

# I. <u>SUMMARY OF ARGUMENT</u>

Unable to satisfy a state court judgment against Westinghouse Digital Electronics, LLC ("WDE") and its former CEO, Richard Houng, Plaintiff Tatung Company, Ltd., a Taiwan corporation with its headquarters and principal place of business in Taiwan and manufacturing facilities in Asia, filed an action in this Court against a number of Houng's relatives, all of whom reside in Taiwan, a number of Houng's alleged business associates, several of whom reside in Taiwan, and their alleged affiliated companies, most of which are located overseas with several in Taiwan. This begs the question: Why wasn't this action filed in Taiwan? Equally puzzling is why Tatung chose a federal court to enforce a state court judgment based on state tort claims, a feat Tatung precariously tries to achieve by alleging subject matter jurisdiction through inadequately pled RICO claims.

Finding herself squarely within Tatung's scorched-earth approach to litigation is Houng's grandmother, Defendant and moving party Chin-Ying Hsu. Hsu is an ill, 93-year-old woman, who lives in Taiwan, does not speak English and must visit the local hospital weekly for treatment. It has been years since she visited her grandson in California and she does not now nor has she ever engaged in business in California. Tatung wants this Court to believe Hsu is the matriarch of a vast world-wide criminal conspiracy. However, the conclusory and factually deficient nature of Tatung's allegations against her render it painfully obvious that Tatung's actual goal is to drag Hsu into a California courtroom and endanger her health solely to gain leverage over Houng and force him to satisfy Tatung's judgment.

Fortunately, Tatung's transparently improper use of this Court's process must fail. First, Tatung's First Amended Complaint ("FAC") fails to allege facts demonstrating this Court's personal jurisdiction over Hsu since Tatung fails to allege Hsu engaged in any activities in California conferring general unlimited personal jurisdiction or committed an intentional act expressly aimed at California that caused harm in California so as to confer specific personal jurisdiction. Nor has Tatung

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

1

**MOTION TO DISMISS COMPLAINT**

1 alleged its claims for relief arise out of or result from Hsu's forum-related activities.

2 Finally, Tatung fails to allege and cannot allege that it would be reasonable to hail

3 Hsu into a California courtroom since California has little interest in this dispute

4 between a Taiwanese corporation and mostly Taiwanese residents, Tatung will not

5 be inconvenienced litigating this matter in its own country and, most importantly, it

6 would be unspeakably oppressive and burdensome to require a 93-year-old woman

7 in need of weekly medical attention to travel to California to defend herself.

8      In light of Tatung's improper motive in filing this action against Hsu, it is no

9 surprise it cannot allege a claim for relief against her. Tatung alleges on

10 "information and belief" that Hsu, along with several other Defendants, conspired to

11 fraudulently transfer WDE's assets to Tatung's detriment. But not only does Tatung

12 fail to allege the required source and basis for its "information and belief," it utterly

13 fails to plead with Fed.R.Civ.P. 9(b)'s required particularity Hsu's alleged role in the

14 conspiracy. Nor does Tatung's intentional fraudulent transfer claim against Hsu

15 meet Rule 9(b)'s particularity requirement. Finally, Tatung's constructive

16 fraudulent transfer claim fails to plead facts demonstrating reasonable equivalent

17 value was not given for WDE's assets, rendering this claim defective as well.

18      Even more lacking is Tatung's attempt to bootstrap this Court's subject matter

19 jurisdiction to this action by cobbling together boilerplate and conclusory RICO

20 claims for relief. Tatung's RICO claims fail for at least three reasons. First, Hsu's

21 alleged siphoning off of WDE's assets (allegedly leaving it an empty shell) such that

22 it could not honor its contracts with Tatung and other creditors, could not

23 proximately cause injury to Tatung, but only to WDE. The Supreme Court has

24 repeatedly held a creditor's collateral damage caused by RICO predicate acts

25 directed at a debtor are too attenuated to satisfy RICO's proximate cause

26 requirement. Second, the alleged fraudulent conspiracy that is the basis for Tatung's

27 RICO claims against Hsu occurred outside the United States. RICO's jurisdictional

28 scope does not extend to an alien's use of the mail and wire in the United States as

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

2

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1  part of an alleged fraud originating outside the United States. Finally, because
2  Tatung's RICO claim is based on mail and wire fraud and money laundering
3  involving fraud, Fed.R.Civ.P. 9(b)'s heightened pleading requirements apply. But
4  Tatung fails to identify one alleged act of fraud committed by Hsu and instead
5  improperly lumps her together with the other Defendants with broad generalized
6  allegations of wrongdoing.

7       Perhaps predictably, Tatung seeks to overcome the deficiencies in its claims
8  by alleging Hsu is WDE's, the other Defendants' and the "Sham Enterprise's" *alter
9  ego*. This "Hail Mary" allegation to save Tatung's claims against Hsu fails for at
10 least two reasons. First, *alter ego* is an equitable doctrine, not a claim for relief,
11 rendering Tatung's "Alter Ego Liability" claim for relief defective as a matter of
12 law. Second, Tatung fails to allege any facts demonstrating Hsu is the *alter ego* of
13 anyone. Rather, Tatung parrots in conclusory fashion some of the factors courts
14 consider in determining whether *alter ego* liability exists. But under *Twombly/Iqbal*
15 this is insufficient. Accordingly, the Court should find that Tatung fails to allege Hsu
16 is anyone's *alter ego* and dismiss Tatung's complaint against her in its entirety.

17                    **II.  STATEMENT OF FACTS**

18      This action arises from Tatung's default judgment against WDE and Houng
19 for more than $27.6 million. First Amended Complaint ("FAC") ¶1 and Ex. 1 and 2
20 attached thereto. Tatung is a Taiwan corporation with its headquarters and principal
21 place of business in Taiwan and manufacturing facilities in Asia. FAC ¶4. Tatung
22 does not allege that any of its offices or employees are located in California. Rather,
23 Tatung's only alleged connection to California is its failed business venture with
24 WDE and Houng which resulted in its default judgment. *Id.* at ¶¶1-3.

25      Hsu is an ill, 93-year old resident and citizen of Taiwan. Translated
26 Declaration of Chin-Ying Hsu ("C. Hsu Decl.") ¶1, attached to Declaration of Kuan-
27 Yu Lai as Ex. 1;  FAC ¶8. She cannot read or speak English and travels to a nearby
28 hospital for weekly treatment. *Id.* at ¶2. She has not entered the United States since

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

3

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1    April 2007 when she visited Hawaii as a tourist. *Id.* at ¶3. Before that she visited
2    California as a tourist, but has never engaged in business in California. *Id.* Nor has
3    she ever been a member or officer of WDE, Nexcast, LLC, RH Holdings, LLC or
4    Westinghouse Digital, LLC ("WD"), the four entities Tatung alleges have their
5    principal places of business in California. *Id.*; FAC ¶¶23, 25, 26. Nor has she ever
6    directed anyone to take any actions in California with regard to these companies.
7    Hsu Decl. ¶3. Tatung alleges on information and belief that Hsu "owned or directly
8    controlled" Gorham Investment Holding Co. Ltd., but concedes Gorham is a British
9    Virgin Islands company with its principal place of business in Taiwan. FAC ¶28.

10        Tatung names six individuals, including Hsu, as the "Houng Family
11   Defendants," eight additional individuals as the "Operational Defendants" and
12   thirteen entities and one individual as additional Defendants. The Houng Family
13   Defendants are all Taiwanese nationals and Tatung fails to allege any facts
14   demonstrating they have any connection to California. FAC ¶¶6-11. Two of the
15   Operational Defendants are Taiwanese nationals without any ties to California. *Id.*
16   at ¶¶15, 21. Eleven of the remaining fourteen Defendants, including the one
17   individual, reside outside the United States and three of them either reside or have
18   their principal place of business in Taiwan. *Id.* at ¶¶22-35.

19        Tatung names Hsu in Tatung's first, second, third, fifth, sixth, seventh and
20   tenth claims for relief for violations of RICO, conspiracy to commit fraud, avoidance
21   and recovery of fraudulently transferred assets, conspiracy to fraudulently transfer
22   assets and "*alter ego* liability." Tatung alleges the Defendants conspired to set up
23   WDE, Nexis, Inc., Westinghouse Digital Electronics (Taiwan), Ltd. and WDE
24   Solution, Inc. ("WSI") to induce Tatung to pay millions of dollars to WSI for LCD
25   flat panels, deliver finished LCD televisions to WDE for millions more in trade
26   credit and create a fraudulent artifice of an apparently solvent and legitimate WDE
27   before orchestrating the transfer of WDE's assets to a newly formed WD through a
28   staged assignment for the benefit of creditors, leaving Tatung with little recourse

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

4

**MOTION TO DISMISS COMPLAINT**

1   against an empty WDE carcass and rendering WDE judgment-proof in the face of its
2   many creditors' claims. FAC ¶¶3, 63. The FAC is devoid of allegations as to what
3   Hsu specifically did as part of this alleged conspiracy. Rather, she is usually lumped
4   together with other Defendants without any detail provided as to her role or actions
5   other than vague allegations she passively "knew," "approved of," "agreed" and
6   "upon information and belief directed" others to perform fraudulent acts (*see, e.g.,*
7   FAC ¶¶42, 187) or "caused" her alleged *alter ego*, Gorham, to "participate in the
8   fraudulent scheme and fraudulent acts" (*see* FAC ¶28), without alleging any facts as
9   to the basis for Tatung's alleged information and belief, what Gorham specifically
10  did or why Hsu is its *alter ego*. Tatung also repeatedly alleges the Arbitrator found
11  Houng's family members were parties to WDE's and Houng's alleged fraud.
12  However, Hsu's name never appears in the Arbitrator's opinion. *See* FAC, Ex. 4.

13      Tatung also alleges the "Houng Family Defendants" violated RICO through
14  mail and wire fraud and money laundering, but does not  allege what Hsu actually
15  did as part of the alleged RICO conspiracy or any acts of mail or wire fraud or
16  money laundering committed by Hsu.   *See* Complaint ¶¶147-172.  In fact, Hsu's
17  name does not appear anywhere in Tatung's three RICO causes of action.  *Id.*
18  Finally, in its tenth claim for relief, Tatung alleges a number of Defendants,
19  including Hsu, "operated the Sham Enterprise as a single enterprise of which they
20  were a part, as their alter ego and as part of a single RICO Enterprise." *Id.* at ¶234.
21  However, consistent with its RICO claims, Tatung does not allege any facts against
22  Hsu to support this charge. *See id.* at ¶¶232-239.  Accordingly, it is not surprising
23  that in the Appendixes Tatung attaches to the FAC, which allegedly detail the
24  predicate acts of wire fraud and mail fraud and the laundering of WDE's funds, in
25  not one is Hsu or Gorham identified as a party to the transaction and without
26  exception are instead "on information and belief" alleged to have "agreed to the
27  commission of" the transactions.  *See* Appendix 1, pp. 2, 13, 14; Appendix 2, pp.
28  38, 39, 41, 43, 45. In short, it is apparent Tatung's claims against Hsu are at best

SHULMAN HODGES & BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

5

4754-000\Z\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1   rank conjecture and speculation and at worst an abuse of this Court's process.

2                       **III. ARGUMENT**

3   **A.**     **The Court Lacks Personal Jurisdiction Over Hsu**

4       To subject a defendant to a personal judgment, due process requires that, "if

5   he not be present within the territory of the forum, he have certain minimum

6   contacts with it such that the maintenance of the suit does not offend 'traditional

7   notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S.

8   310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The minimum contacts requirement's

9   purpose is to protect a defendant against the burdens of litigating at a distant or

10   inconvenient forum and ensure that states do not reach beyond the limits of their

11   sovereignty imposed by their status in a federal system. *World-Wide Volkswagen*

12   *Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Each

13   defendant's contacts with the forum state must be assessed individually. *Calder v.*

14   *Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *see also Kinslow*

15   *v. Pullara,* 538 F.3d 687, 693 (7th Cir. 2008)(plaintiff's burden to show sufficient

16   personal contacts for each defendant as an individual).

17       Plaintiff bears the burden of establishing jurisdiction exists. *Rio Properties,*

18   *Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002). In deciding whether

19   a plaintiff has made a *prima facie* case for personal jurisdiction, only uncontroverted

20   well pled facts, as distinguished from mere conclusory allegations, must be accepted

21   as true. *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1074 (8th Cir. 2004). The

22   court cannot assume the truth of allegations in a pleading contradicted by a sworn

23   affidavit. *Data Disc, Inc. v. Systems Technology Assocs., Inc.,* 557 F.2d 1280, 1284

24   (9th Cir. 1977). Also, "bare bones" assertions of minimum contacts with the forum

25   or legal conclusions unsupported by specific factual allegations will not satisfy a

26   plaintiff's pleading burden. *Swartz v. KPMG, LLP*, 476 F.3d 756, 766 (9th Cir.

27   2007)(allegations that "[defendants] directed communication into the U.S. Western

28   District of Washington and otherwise conducted business therein" insufficient to

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

6

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1    establish minimum contacts and a *prima facie* showing of personal jurisdiction).

2         Tatung alleges the purported basis for the Court's personal jurisdiction over

3    Hsu in paragraph 42 of the FAC.  These allegations do not even meet the "bare

4    bones" assertions of minimum contacts found insufficient in *Swartz*, let alone

5    provide specific factual allegations that satisfy Tatung's pleading burden.  The

6    remainder of the FAC is equally deficient, with its allegations of forum-directed

7    conduct always prefaced with the phrase "on information and belief" and followed

8    with conclusory allegations devoid of factual content or any explanation of the basis

9    for Tatung's alleged "information and belief."

10        **1.    The Court Lacks General Personal Jurisdiction Over Hsu**

11        If a defendant is domiciled in the forum state or its activities there are

12   substantial, continuous and systematic, a federal court can exercise jurisdiction as to

13   any cause of action even if unrelated to defendant's activities within the state.

14   *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___ U.S. ___, 131 S.Ct. 2846,

15   2851, 180 L.Ed.2d 796 (2011).  But even if a defendant is engaged in "continuous

16   and systematic" business within the forum state, due process requires the exercise of

17   jurisdiction in the particular case be reasonable. *Amoco Egypt Oil Co. v. Leonis*

18   *Navigation Co., Inc.*, 1 F.3d 848, 851, n.2 (9th Cir. 1993); *see also Metropolitan Life*

19   *Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 574 (2nd Cir. 1996)(despite contacts

20   sufficient for general jurisdiction, exercise of personal jurisdiction over nonresident

21   defendant violated Due Process Clause because of reasonableness considerations

22   including inefficiency of conducting litigation in forum state and attenuated nature

23   of nonresident plaintiff's interest in pursuing case there).  Here Tatung concedes

24   Hsu is domiciled in Taiwan and does not assert conclusory allegations, much less

25   specific factual allegations, that she has engaged in substantial, continuous or

26   systematic activities in California.  Accordingly, the Court lacks general unlimited

27   personal jurisdiction over Hsu.

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

7

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

## 2. The Court Lacks Limited Personal Jurisdiction Over Hsu

Even if a nonresident defendant's contacts with the forum state are not sufficiently continuous and systematic for general jurisdiction, it may still be subject to jurisdiction on claims related to its activities or contacts there. *Goodyear Dunlop Tires Operations, S.A.,* 131 S.Ct. at 2855. The Ninth Circuit utilizes a three-part test to determine specific personal jurisdiction premised on the particular circumstances underlying the lawsuit being litigated. Specifically, for specific personal jurisdiction to apply (1) the non-resident defendant must purposefully direct specific activities toward the state forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Walden v. Fiore,* 688 F.3d 558, 564 (9th Cir. 2012).

Plaintiff bears the burden on the first two factors of "purposeful availment" and "arising out of." If plaintiff establishes both factors, defendant must come forward with a compelling case that the exercise of jurisdiction would be unreasonable. *Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008).

### a. Tatung Fails to Allege that Hsu Purposefully Directed Activities at California or its Residents or Availed Herself of the Privilege of Conducting Activities Within California

To satisfy the purposeful availment requirement, Tatung must allege and prove that Hsu (1) committed an intentional act; (2) expressly aimed at California: (3) causing harm that Hsu knew was likely to be suffered in California. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2012).

The "express aiming" requirement is satisfied when it is alleged the nonresident expressly aimed its intentional act at California. *Schwarzeneggar v. Fred Martin Motor Co.,* 374 F.3d 797, 806 (9th Cir. 2003). It is not satisfied where it is merely foreseeable there will be an impact on individuals in the forum. *Id.* at 805. Here, Tatung fails to allege any facts, as opposed to generalized conclusions of mostly passive behavior based on information and belief, that Hsu committed an

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

8
4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx
**MOTION TO DISMISS COMPLAINT**

1  intentional act, much less one directed at California. In addition, to the extent Tatung

2  attempts to allege acts directed at California that are grounded in fraud, Tatung fails

3  to allege them with Fed.R.Civ.P. 9(b)'s requisite particularity.  Accordingly, Tatung

4  fails to satisfy the express aiming requirement.

5     Tatung also fails the causing harm prong.  In determining whether injury

6  occurs for jurisdictional purposes, actual injury must be distinguished from its

7  resultant consequences such as economic effects or other "collateral consequences"

8  that often stem from actual injury. *Jobe v. ATR Marketing, Inc.,* 87 F.3d 751, 754

9  (5th Cir. 1996).  In *Jobe,* nonresidents breached a contract to deliver airplanes to

10 plaintiff outside the forum state. This breach allegedly caused plaintiff to lose

11 "business, revenue and goodwill and the ability to grow and prosper" in the forum

12 state.  These losses were not sufficient for personal jurisdiction because they were

13 nothing more than the "miscellaneous fallout" that can be expected to trail in the

14 wake of a failed business. *Id.* at 754-55.

15    Similarly here, Tatung alleges Hsu and others siphoned off WDE assets

16 leaving Tatung with "an empty WDE carcass" which could not perform its contract

17 with Tatung or satisfy Tatung's judgment.  Accordingly, at best Tatung alleges

18 wrongful conduct directed at WDE resulting in collateral damage to Tatung.  As in

19 *Jobe,* this "miscellaneous fallout" in the wake of a failed business is insufficient to

20 satisfy the "express aiming" requirement for personal jurisdiction.

21    Finally, Tatung does not allege Hsu was aware of any harm likely to be

22 suffered in California as a result of her actions.  For this reason as well, Tatung fails

23 to satisfy the purposeful availment requirement for personal jurisdiction.

24       **b.    Tatung Fails to Allege that Tatung's Claims Arise out of or**

25            **Result from Hsu's Forum-Related Activities**

26    The Court's jurisdiction is limited to causes of action arising out of or related

27 to a nonresident's forum-related activities.  *Burger King Corp. v. Rudzewicz,* 471

28 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).  The Ninth Circuit follows a

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1    "but for" test in determining whether a claim "arises out of" the nonresident's forum-

2    related activities, *i.e.,* if plaintiff would not have suffered loss "but for" defendant's

3    activities, this element is satisfied. *Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir.

4    1995).  Activities that are too attenuated to the plaintiff's claim for relief do not

5    satisfy the "but for" test. *See Doe v. American Nat'l Red Cross,* 112 F.3d 1048,

6    1051-52 (9th Cir. 1997)(alleged negligence by federal official charged with assuring

7    safe blood supply was not "but for" cause of tainted blood entering forum state).

8         Tatung's conclusory allegations of conspiracy to commit fraud and

9    fraudulently transfer assets, avoidance of fraudulently transferred assets and

10   violations of RICO, shed absolutely no light on precisely what Hsu allegedly did to

11   cause Tatung's damages, let alone demonstrate "but for" those acts Tatung would

12   not have been injured. Tatung's other allegations reveal Tatung cannot meet this

13   requirement. Tatung alleges the Houng Family Defendants (all of whom presumably

14   would have gone forward with their alleged conspiracy without Hsu's involvement)

15   "delegated the day-to-day execution of their scheme to non-party and co-conspirator

16   Richard Houng and the Operational Defendants."  FAC  ¶78.  In fact, Hsu is not

17   even named in Tatung's fraud claim, indicating Tatung believes it would have been

18   injured regardless of Hsu's alleged involvement.  Accordingly, Tatung fails to allege

19   its claims arise out of Hsu's forum-related activities.

20         **c.    Exercise of Jurisdiction Over Hsu Would be Unreasonable**

21        For the Court to exercise limited personal jurisdiction over Hsu, it must

22   appear that the exercise of jurisdiction would "comport with fair play and substantial

23   justice."  *Burger King Corp.,* 471 U.S. at 477-78. The factors the Court is to

24   consider in determining reasonableness are (1) the extent of defendant's purposeful

25   interjection in the forum state; (2) the burden on defendant in defending in the

26   forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the

27   forum state's interest in adjudicating the dispute; (5) the most efficient judicial

28   resolution of the controversy; (6) the importance of the forum to plaintiff's interest in

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

10

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1  convenient and effective relief; and (7) the existence of an alternative forum.

2  *Menken v. Emm*, 503 F.3rd 1050, 1058 (9th Cir. 2007).

3      As argued above, Tatung's conclusory allegations of conspiracy to commit

4  fraud and fraudulently transfer assets, avoidance of fraudulently transferred assets

5  and RICO violations do not shed light on what Hsu allegedly did to "purposefully"

6  interject herself in California's affairs.  Nor is there any indication the location of

7  witnesses and evidence would make litigation in California the most efficient option.

8  *See id.* at 1060-61 ("In evaluating this factor we have looked primarily at where the

9  witnesses and the evidence are likely to be located").  To the contrary, Tatung's and

10  the majority of the Defendants' citizenship suggests that most of the witnesses and

11  evidence are in Taiwan.  The sixth factor, the importance of the forum to plaintiff's

12  interest in convenient and effective relief, generally is not given much weight in this

13  circuit.  *Dole Food Co.*, 303 F.3d at 1116 ("in this circuit, the plaintiffs convenience

14  is not of paramount importance").  Even if it was, Tatung, a Taiwanese corporation

15  with its headquarters in Taiwan, will not be inconvenienced by being required to

16  seek relief in a Taiwanese court, which is the obvious forum for this action.

17      The strength of the forum state's interest in the dispute is an important factor.

18  Lack of a legitimate state interest "weighs heavily against the reasonableness" of its

19  assertion of jurisdiction.  *Amoco Egypt Oil Co.*, 1 F.3d at 852.  Thus, in *Johnston v.*

20  *Multidata Systems Int'l Corp.*, 523 F.3d 602 (5th Cir. 2008), the Court found that

21  Texas had a minimal interest in an action where none of the injured plaintiffs were

22  Texas residents, defendant's alleged tortious acts did not take place in Texas and an

23  alternative Panamanian forum was available.  *Id.* at 617-18.

24      Similarly here, Tatung, most of the individual Defendants and two of the

25  corporate defendants are either Taiwanese residents or corporations.  Finally, to the

26  extent one can make out any factual basis for Tatung's conspiracy and RICO claims,

27  it appears it is primarily based on alleged activities occurring in Taiwan. There is

28  little alleged in the FAC suggesting California has an interest in this dispute.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

11

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1    Finally, even when plaintiff is able to demonstrate all other burdens and
2   factors are equal, the defendant's burden in defending the action in the forum state is
3   decisive. "The law of personal jurisdiction is asymmetrical and is primarily
4   concerned with the defendant's burden." *Terracom v. Valley Nat'l Bank*, 49 F.3d
5   555, 561 (9th Cir. 1995). Thus, the reasonableness requirement of "fair play and
6   substantial justice" may defeat local jurisdiction even if a defendant has purposefully
7   engaged in forum-related activities. *Burger King Corp.*, 471 U.S. at 477-78. The
8   weaker plaintiff's showing of purposeful availment and relatedness to forum-related
9   acts, the less defendant needs to show unreasonableness to defeat jurisdiction.
10  *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

11    With regard to foreign defendants such as Hsu, the Supreme Court has noted
12  that the unique burdens placed upon a foreign national defending itself locally
13  "should have significant weight" in assessing the reasonableness of a local court's
14  exercise of personal jurisdiction. *Asahi Metal Industry Co., Ltd. v. Sup.Ct. of Calif.*,
15  480 U.S. 102, 114, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *see also Rano v. Sipa
16  Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993)(higher jurisdictional barrier required
17  for aliens). In *Asahi Metal*, the Supreme Court found it unreasonable for a
18  California court to assert jurisdiction over a Japanese manufacturer on a Taiwanese
19  manufacturer's indemnity claim for defective parts shipped to Taiwan, which
20  allegedly caused injury to a California purchaser. The Court held "[c]onsidering the
21  international context, the heavy burden on the alien defendant, and the slight
22  interests of the plaintiff and the forum state, the exercise of personal jurisdiction by a
23  California court . . . would be unreasonable and unfair." 480 U.S. at 116.

24    Of course, Hsu is not a Japanese manufacturer with officers and agents she
25  can send to California to represent her interests. Rather, she is an ill 93 year-old
26  woman who requires weekly hospital visits. The holding and logic of *Asahi Metal*
27  applies directly to Hsu who would be heavily burdened if she were required to travel
28  to and attend trial in California. There is no reasonable or fair basis for requiring her

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

12

4754-000\Z:\G-J\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1   to do so and Tatung has not alleged any.   For this reason alone the Court should
2   hold that it lacks personal jurisdiction over Hsu.

3   **B.    Rule 12(b)(6) Standard of Review**

4       **1.    *Twombly/Iqbal* Requirements**

5       A court should grant a Rule 12(b)(6) motion to dismiss when, assuming the
6   truth of the allegations, the complaint fails to state a claim for which relief can be
7   granted. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). A
8   complaint's allegations must show the pleader is entitled to relief. Fed.R.Civ.P.
9   8(a)(2). To determine whether a complaint states a claim, a court must undertake a
10   two-step analysis.

11       First, the Court must disregard conclusory allegations, bare recitations of a
12   claim's legal elements, unreasonable inferences and unwarranted deductions of fact.
13   *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868
14   (2009)("[T]hreadbare recitals of the elements of a cause of action, supported by
15   mere conclusory statements, do not suffice"); *Bell Atlantic Corp. v. Twombly,* 550
16   U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d  929 (2007)(Plaintiff must allege facts
17   that provide the grounds for its entitlement to relief, and cannot rely on "labels and
18   conclusions, and a formulaic recitation of a cause of action's elements"); *National
19   Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043,
20   1049 (9th Cir. 2000)("Conclusory allegations of law and unwarranted inferences are
21   insufficient to defeat a motion to dismiss").   Moreover, when as here a document
22   referenced in a complaint contradicts the complaint's allegations, the document
23   controls. *See Warren v. Fox Family Worldwide,* 328 F.3d 1136, 1139 (9th Cir.
24   2003)(rejecting allegations contradicted by documents referred to in complaint).

25       Second, the court must determine whether the remaining well-pleaded factual
26   allegations state a claim that is "plausible" as opposed to merely "possible."   The
27   complaint must allege more than facts simply "consistent with" liability.   Rather the
28   complaint must contain "factual content that allows the court to draw the reasonable

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

13

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1   inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

2   678. If the well-pleaded factual allegations fail to make it more than just "possible"

3   defendant is liable, then plaintiff has not shown entitlement to relief and the court

4   should dismiss the complaint. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 570;

5   *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F.Supp.2d 1216, 1223-30 (C.D. Cal.

6   2012)(dismissing fraudulent transfer claims for failure to plead facts showing the

7   plausibility of each element).

8       **2.    Rule 9(b) Requirements**

9         Claims grounded in fraud must satisfy a heightened pleading standard that

10   requires the circumstances constituting fraud be pled with particularity. Fed.R.Civ.P.

11   9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be

12   specific enough to give defendants notice of the particular misconduct . . . so that

13   they can defend against the charge and not just deny that they have done anything

14   wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

15   Moreover, where plaintiff pleads allegations of fraud against more than one

16   defendant, plaintiff "must distinguish among those they sue and enlighten each

17   defendant as to his or her part in the alleged fraud." *Bruns v. Ledbetter*, 583 F.Supp.

18   1050, 1052 (S.D. Cal. 1984).  To satisfy Rule 9(b), plaintiffs must explicitly aver

19   "the who, what, when, where, and how" of the alleged fraudulent conduct. *Dileo v.*

20   *Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990).  In addition, plaintiffs must

21   allege the "time, place and nature of the alleged fraudulent activities." *Moore v.*

22   *Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989). Allegations that

23   are vague or conclusory are also insufficient to satisfy the "particularity" required by

24   Rule 9(b). *Id.*  Finally, allegations of fraud based "on information and belief" do not

25   satisfy Rule 9(b)'s particularity requirement and at a minimum must be accompanied

26   by a statement of the facts on which the belief is founded and should include the

27   misrepresentations themselves with particularity and, where possible, the roles of the

28   individual defendants in the misrepresentations. *Id.*; *see also Neubronner v. Milken,*

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

14

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1   6 F.3d 666, 672 (9th Cir. 1993)(allegations made on information and belief must be
2   supported by "the factual basis for the belief"). Fraud averments failing to meet the
3   Rule 9(b) standard are disregarded and the remaining allegations evaluated to see if a
4   valid claim has been stated. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1105
5   (9th Cir. 2003).

6   **C.   The Court Should Dismiss Tatung's RICO Claim and this Lawsuit**
7   **Because Tatung Lacks Standing to Prosecute it and Fails to State a RICO**
8   **Claim Rendering this Court Without Subject Matter Jurisdiction**

9        Tatung alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C.
10  §1331 (federal question jurisdiction), citing only to Tatung's first three claims for
11  violation of RICO. FAC ¶37. Accordingly, if Tatung lacks standing to assert a
12  RICO claim or cannot plead it, this Court lacks subject matter jurisdiction over this
13  lawsuit and should dismiss it. Such is the case here.

14       **1.   Tatung Lacks Standing to Assert a RICO Claim Because Hsu's and**
15           **the Other Defendants' Alleged Conduct was not the Proximate**
16           **Cause of Tatung's Injuries**

17       Under RICO, a "plaintiff only has standing if, and can only recover to the
18  extent that, he has been injured in his business or property by the conduct
19  constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496,
20  105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *see also* 18 U.S.C. §1964(c) (RICO plaintiff
21  must show it was injured in its business or property "by reason of" the alleged RICO
22  violations). RICO requires proximate causation or a "direct relation between the
23  injury asserted and the injurious conduct alleged." *Holmes v. Sec. Investor Prot.*
24  *Corp.,* 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992) . The Supreme
25  Court has stressed that RICO claims can survive as a matter of law only if the
26  alleged RICO violation was the proximate cause of the plaintiff's injury. *Id.*

27       The *Holmes* Court applied the proximate cause requirement to preclude a
28  RICO suit by a plaintiff whose injury was contingent on the injury of direct victims.

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

15

**MOTION TO DISMISS COMPLAINT**

1   *Id.* at 271-74. In *Holmes*, a number of conspirators allegedly engaged in a fraudulent

2   stock manipulation scheme which led to the insolvency of two securities broker-

3   dealers rendering the broker-dealers unable to meet their obligations. Plaintiff was

4   forced to cover their debts. *Id.* at 262-63. Plaintiff asserted the broker-dealers'

5   customers' claims against the conspirators, arguing the customers were injured "by

6   reason of" the conspirators' fraudulent scheme in violation of RICO. The Court

7   disagreed, noting "the conspirators have allegedly injured these customers only

8   insofar as the stock manipulation first injured the broker-dealers and left them

9   without the wherewithal to pay customers' claims." *Id.* at 271. Finding "the

10   customers' harm, being purely contingent on the harm suffered by the broker-

11   dealers," the Court concluded  proximate causation was lacking. *Id.*

12        Here, Tatung contends Defendants engaged in a fraudulent scheme to deprive

13   WDE of its assets for their own personal benefit, leaving it an "empty carcass" to the

14   detriment of Tatung and other creditors of the empty WDE shell. *See* FAC ¶¶70, 85,

15   149.  Thus, as in *Holmes,* Tatung and WDE's other creditors were allegedly injured

16   only insofar as the alleged co-conspirators' conduct first injured WDE leaving it

17   without the wherewithal to pay their claims. Accordingly, because the link between

18   Defendants' alleged RICO activities and Tatung's harm is purely contingent on the

19   harm allegedly suffered by WDE, proximate causation is lacking and Tatung lacks

20   standing to prosecute a RICO claim.

21        **2.**    **Tatung Cannot Allege a RICO Claim Based on Alleged Fraudulent**

22               **Activity Occurring Outside of the United States**

23        In *Butte Mining PLC v. Smith*, 76 F.3d 287 (9th Cir. 1996), plaintiffs alleged

24   individual British defendants and a series of British companies violated RICO by

25   defrauding Butte through an artificially inflated stock offering on the London Stock

26   Exchange. *Id.* at 288-89. The scheme was based on the formation of a Montana

27   corporation and the purchase of Montana mining properties. *Id.* at 289. Although

28   one defendant was a Montana citizen and received some of the shares of stock, the

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

16

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1  fraudulent activity occurred primarily outside the United States. *Id.* In affirming the

2  dismissal of the RICO claims, the Ninth Circuit reasoned  "[t]here is no reason to

3  extend the jurisdictional scope of RICO to make criminal the use of mail and wire in

4  the United States as part of an alleged fraud outside the United States." *Id.* at 291.

5      In this action, Tatung, a Taiwanese corporation with its headquarters,

6  principal place of  business and manufacturing facilities all located in Asia (FAC

7  ¶4), alleges it was injured as a result of a conspiracy hatched in Taiwan by the

8  Houng Family Defendants.  As in *Butte,* the allegation they used United States mail

9  and wire to perpetrate the fraud does not extend  RICO's jurisdictional scope.

10  Tatung fails to allege any of the Houng Family Defendants, let alone Hsu,

11  committed any acts in the United States that directly caused injury to Tatung.

12  Accordingly, this Court lacks jurisdiction over Tatung's purported RICO allegations.

13      **3.      Tatung's RICO Claims Against Hsu do not Comply with**

14           ***Twombly/Iqbal* or Rule 9(b)'s Heightened Pleading Requirements**

15      Where acts of mail and wire fraud and money laundering involving fraud are

16  alleged as the predicate racketeering activity, the allegations are subject to

17  Fed.R.Civ.P. 9(b)'s heightened pleading requirements. *Schreiber Dist. Co. v. Serv-*

18  *Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)(mail and wire fraud);

19  *Baytree Capital Associates, LLC v. Quan*, 2008 U.S. Dist. LEXIS 115634, at *23-25

20  (C.D. Cal. Sept. 29, 2008)(mail and wire fraud and money laundering).  In stating a

21  claim for mail or wire fraud, Rule 9(b) requires pleading the time, place and manner

22  of each act of fraud, as well as the role of each defendant in each scheme. *Tapang v.*

23  *Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 123868, at *9-11 (N.D. Cal. Aug. 30,

24  2012); *Moore,* 885 F.2d at 541 (complaint did not plead fraud for RICO claim with

25  sufficient particularity where it failed to specify the time, place, and content of the

26  alleged misrepresentation, nor the identities of the parties involved); *Dole Food Co.*

27  *v. Gutierrez,* 2004 U.S. Dist. LEXIS 28429, at *27-29 (C.D. Cal. July 13,

28  2004)(RICO civil complaint for mail or wire fraud must state with particularity the

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

17

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1 | false statement of fact made by the defendant which the plaintiff relied on and the
2 | facts showing the plaintiff's reliance on the defendant's false statement of fact).

3 |      Also, when more than one defendant is charged with fraud, plaintiff must
4 | "particularize and prove each defendant's participation in the fraud and each
5 | defendant's enactment of the two necessary predicate acts." *USA Certified Merchs.,*
6 | *LLC v. Koebel,* 262 F.Supp.2d 319, 332 (S.D.N.Y. 2003); *Baytree Capital*
7 | *Associates, LLC,* 2008 U.S. Dist. LEXIS 115634, at *23-25 (plaintiff failed to
8 | allege RICO violations of mail fraud, wire fraud and money laundering with
9 | sufficient particularity when it failed to allege the misconduct and basis of liability
10 | of each individual defendant); citing *Hokama v. E.F. Hutton & Co., Inc,* 566 F.Supp.
11 | 636, 646 (C.D. Cal. 1983)("although the complaint specifies the general
12 | relationships among the defendants with respect to the overall [enterprise], it
13 | contains no specific allegations regarding the roles of the various defendants in the
14 | preparation and dissemination of the fraudulent representations").

15 |      Tatung's allegations against Hsu fall woefully short of these specificity
16 | requirements for mail and wire fraud and money laundering. In fact, the FAC's
17 | RICO allegations against Hsu do not even comply with *Twombly/Iqbahl*'s basic
18 | pleading requirements. Specifically, they do not allege any misrepresentations she
19 | made or how the misrepresentations deceived Tatung, describe any of her alleged
20 | acts of mail and wire fraud or money laundering, including the time, place, content
21 | and participants of or in each act or how the acts were in furtherance of an unlawful
22 | scheme. Similarly, Tatung does not allege it delivered to Hsu any consideration
23 | based on any allegedly fraudulent representation she made or took any action or
24 | refrained from taking any action that benefited any Defendant based on any
25 | allegedly false wire or mail communications made by Hsu. Accordingly, the Court
26 | should dismiss Tatung's RICO claims against Hsu for the additional reason that they
27 | fail to comply with RICO's heightened pleading requirements.

28 |

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

18

**MOTION TO DISMISS COMPLAINT**

**D.   Tatung's Conspiracy to Commit Fraud and Fraudulently Transfer Assets Claims Against Hsu Fail to Meet Rule 9(b)'s Heightened Pleading Requirements**

In its Fifth and Seventh Claims for Relief, Tatung alleges Hsu and the other Defendants conspired to commit fraud and to fraudulently transfer assets causing damage to Tatung. To the extent the formation of a conspiracy is alleged against Hsu, it begins and ends in paragraphs 187 and 211. In paragraph 187, Tatung pleads "on information and belief," (1) other Defendants obtained "the agreement of" Hsu "to undertake acts to complete this fraud, as set forth above and in the attached Appendices 1 and 2" which, as noted above, do not make reference to one transaction or piece of correspondence in which Hsu is a party and (2) Hsu, as Gorham's alter ego (without any facts alleged to support the alter ego allegation), conspired to "effectuate the fraud by, among other acts, allowing Gorham to assist in the perpetration of the artifice described above" (without any allegation as to what "artifice" is being referred to).  We are also told each Defendant "agreed from time to time, to help [other Defendants] and non-party Richard Houng, keep the appearance of WSI's separateness, and the operation of the enterprise as a single unit and enterprise, lacking actual corporate separateness from WDE" and "conspired to accomplish such fraudulent transfer."   Paragraph 211 is no more enlightening. There we are told Hsu and other Defendants

> colluded and conspired to accomplish such fraudulent transfer [of LED TV Assets], knowing and agreeing to the fraudulent purpose, and aiding in the commission of the LED TV Transfer and/or subsequent transfers of the LED TV Assets, which took place in California.  On information and belief, they did so in order to receive the value of, and the benefit of the future revenues from, the LED TV Assets to the detriment of WDE's legitimate trade creditor Tatung.

Nothing else is alleged regarding Hsu's alleged participation in these two alleged

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

19

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1   conspiracies.

2        Rule 9(b) applies to allegations of fraud, not just claims of fraud. *Borsellino*

3   *v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007). As a result, it

4   imposes heightened pleading requirements on a conspiracy claim where "the object

5   of the conspiracy is fraudulent." *Swartz,* 476 F.3d at 765. Accordingly, where

6   several defendants are sued in connection with an alleged fraudulent scheme,

7   plaintiffs must "inform each defendant separately of the allegations surrounding his

8   alleged participation in the fraud." *Id.* at 764-65 (holding "[c]onclusory allegations

9   that Presidio and DB knew that [KPMG and B&W] were making . . . false

10  statements to clients, including Swartz, and thus were acting in concert with [KPMG

11  and B&W]" and "were acting as agents [of KPMG and B&W]" and were "active

12  participants in the conspiracy" without any stated factual basis are insufficient as a

13  matter of law). In short, allegations that "everyone did everything" justify dismissal

14  of the complaint. *Destfino v. Reiswig,* 630 F.3d 952, 958 (9th Cir. 2011).

15       As in *Swartz,* here Hsu is left guessing what her alleged role was in the

16  conspiracy to commit fraud and fraudulently transfer assets. The only allegations

17  specifically directed at her is she and a slew of other Defendants agreed "to

18  undertake acts to complete this fraud" and "colluded and conspired to accomplish

19  such fraudulent transfer [of LED TV Assets]," and she caused Gorham to assist in

20  the perpetration of "the artifice described above." One searches in vain for "the who,

21  what, when, where, and how" of her alleged fraudulent conduct. *Dileo,* 901 F.2d at

22  627. Nor does Tatung allege the source or basis of its vague allegations "on

23  information and belief" of Hsu's participation in the conspiracy to commit fraud or

24  fraudulently transfer assets claims. Tatung's allegations utterly fail to meet Rule

25  9(b)'s heightened pleading standard and the Court should dismiss Tatung's civil

26  conspiracy to commit fraud and fraudulently transfer assets claims against Hsu.

27

28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

20

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

E.   **Tatung's Avoidance and Recovery of Fraudulent Transfer of LED TV Assets Claim Again Hsu Fails to State a Claim**

Tatung's Sixth Claim for Relief reveals the absurd lengths it will go to attempt to pin liability on Hsu.  Tatung would have the Court believe despite WDE's general assignment of its assets for the benefit of its creditors pursuant to Cal. Code Civ. Proc. §493.010 to the highly-regarded Asset Liquidation Division of Credit Management Association ("CMA"), which is and was represented by Gibson Dunn & Crutcher and retained valuation expert X-Roads Solutions Group before CMA sold the assets to WD and used the proceeds to pay WDE's creditors, Hsu and the other Defendants "pulled the wool" over CMA's eyes by misleading X-Roads regarding the projected LED TV revenue under WDE's "Westinghouse" brand, thereby leading to the undervaluation of WDE's LED TV assets and the sale of the assets for a "de minimis value" to WD to the detriment of Tatung and WDE's other creditors. *See* FAC ¶¶196, 199, 200.  Hsu and two other Defendants are alleged to have "directed" a number of other Defendants to make the misrepresentations leading to the undervaluation. *Id.* at ¶199.

Tatung alleges both constructive and intentional fraudulent transfer claims against Hsu.  Tatung's incredible fraudulent transfer theory falls short of the "plausibility" requirement of *Twombly/Iqbal* and should be dismissed for this reason alone. *See Iqbal,* 556 U.S. at 679; *Twombly,* 550 U.S. at 570.  However, even if Tatung's theory was believable, Tatung fails to properly allege either constructive or fraudulent transfer claims against Hsu.

1.   **Tatung's Constructive Fraudulent Transfer Claim Fails Because Tatung Fails to Allege Facts Demonstrating CMA did not Receive Reasonable Equivalent Value for WDE's Assets**

A transfer is constructively fraudulent only if the debtor made the transfer without receiving reasonable equivalent value. Cal. Code Civ. Proc. §3439.04(a)(2). Judging whether a debtor received reasonably equivalent value involves "comparing

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

21

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx
**MOTION TO DISMISS COMPLAINT**

1  what the debtor surrendered and what the debtor received." *In re United Energy*
2  *Corp.,* 944 F.2d 589, 597 (9th Cir. 1992). "The determination of reasonable
3  equivalence must be made as of the time of the transfer." *In re Brobeck, Phleger &*
4  *Harrison LLP*, 408 B.R. 318, 341 (N.D. Cal. 2009).

5      Here, Tatung alleges CMA "consented to a grossly erroneous low value for
6  WDE's LED TV Assets," sold the assets "(which were projected to generate $700
7  million in 2011) for only $400,000 cash payment and up to $1.5 million of potential
8  royalty payments by WD from future sales" with the WDE assignment estate
9  receiving only "de minimis value in return," and the transfer "was made for less than
10  reasonably equivalent value." *See* FAC ¶¶ 199-201. However, no facts are alleged
11  demonstrating the consideration CMA received for the assets was not their
12  reasonable equivalent value since no facts are alleged as to the actual value of the
13  WDE LED TV assets at the time of their transfer.

14      This Court held similar allegations insufficient to defeat a motion to dismiss in
15  *Allstate Ins. Co.* There, Allstate detailed a number of transactions whereby Bank of
16  America obtained Countrywide Financial Corporation's assets and alleged Bank of
17  America had not paid reasonable equivalent value for them. 842 F.Supp.2d at 1221-
18  22. Applying *Twombly/Iqbal,* the Court ignored the legal conclusions in Allstate's
19  complaint and instead looked for the factual allegations in the complaint supporting
20  this conclusion. *Id.* at 1225. The Court concluded they did not exist, holding

21      Once the legal conclusions are stripped away, the Court is left with the
22      rather bare description of the LD1 and LD100 transactions contained in
23      paragraphs 359-72. Those paragraphs describe the assets that
24      Countrywide sold and their prices. They do not contain any indication
25      that any other market for these assets existed, or what the assets' "true"
26      market value was, or what the accounting value of the assets was, or why
27      the Court should disregard the very concrete intangible benefit that
28      proceeds from the asset sales were used to pay off debt, increase working

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

22

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

MOTION TO DISMISS COMPLAINT

1    capital, and otherwise allow Countrywide to remain in business.

2       The only facts that Allstate is left with are (i) that Countrywide had

3    $172 billion in assets before the asset sales . . . , (ii) that Countrywide had

4    $10.7 billion in assets as of March 31, 2011 . . . , and (iii) that

5    Countrywide sold most of those assets in exchange for some $53 billion

6    in consideration . . . Allstate makes much of the sizeable difference

7    between $172 billion and $10.7 billion, and remarks upon the fact that

8    Countrywide's remaining assets do not generate revenue.

9       . . . [t]hese facts are consistent with liability. However, they are

10   equally consistent with non-culpable behavior. **It is a core principle of**

11   **corporate finance that a revenue-producing asset may be reduced to**

12   **its net present value and sold for cash. The fact of the sale and the**

13   **fact that the transferor no longer has access to a revenue stream say**

14   **nothing about whether the consideration was adequate** . . .

15   *Id.* at 1226-27 (emphasis added).

16      Similarly here, Tatung alleges the projected revenue for WDE's LED TV

17   assets and based on this number, and nothing else, alleges in conclusory fashion

18   that CMA did not receive reasonable consideration for the asset. As in *Allstate,*

19   Tatung has not alleged any facts demonstrating this is the case. Accordingly,

20   Tatung's constructive fraudulent transfer claim is defective.

21     **2.**  **Tatung's Intentional Fraudulent Transfer Claim Against Hsu**

22        **Fails to Comply with Rule 9(b)**

23      Any claim "grounded in fraud" must satisfy Fed.R.Civ.P. 9(b), even if fraud

24   is not a necessary element. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th

25   Cir. 2009). As a result, Fed.R.Civ.P. 9(b) applies to intentional fraudulent transfer

26   claims. *Sunnyside Dev. Co. LLC v. Cambridge Display Tech., Ltd.,* 2008 U.S.

27   Dist. LEXIS 74850, at *23 (N.D. Cal. 2008).

28      Tatung's Sixth Claim for Relief is completely devoid of allegations

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

23

**MOTION TO DISMISS COMPLAINT**

1 identifying the "the who, what, when, where, and how" of Hsu's conduct in
2 furtherance of the alleged fraudulent transfer of WDE's LED TV Assets. In fact,
3 the FAC does not contain an allegation that Hsu made any misrepresentation,
4 omission or committed a fraudulent act. The closest Tatung comes to such an
5 allegation is in paragraph 199, where Hsu and five other parties purportedly
6 "directed" six of the Operational Defendants to misrepresent the anticipated
7 revenue from the LED TV business to CMA and X-Roads. This vague and
8 conclusory allegation falls woefully short of Rule 9(b)'s requirements.

9 **F.** **The Court Should Dismiss Tatung's *Alter Ego* Claim Because There is**
10 **not a Substantive Claim for *Alter Ego* and Tatung does not Plead**
11 **Sufficient Facts to Invoke the *Alter Ego* Doctrine Against Hsu**

12     There is no substantive cause of action for *alter ego* liability. *Montgomery v.*
13 *Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 133754, at *17 (S.D. Cal. Sept. 18,
14 2013). Rather, the *alter ego* doctrine is a procedural mechanism that allows a tort
15 claimant to recover from an individual or a related entity for harm caused by a
16 corporation. *Id.* Accordingly, the Court should dismiss Tatung's tenth claim for
17 relief for "Alter Ego Liability" since no such claim for relief exists.

18     Nor has Tatung alleged sufficient facts demonstrating Hsu is an *alter ego* of
19 another party. To invoke *alter ego*, a party must plead facts showing both a unity of
20 interest and ownership such that the individuality of the corporation and the
21 owner(s) of its stock has ceased, and the observance of the fiction of separate
22 existence would sanction a fraud or promote injustice. *Neilson v. Union Bank of*
23 *Cal., N.A.*, 290 F.Supp.2d 1101, 1115 (C.D. Cal. 2003). As this Court stated,
24 "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim."
25 Rather, a plaintiff must allege specifically both of the elements of alter ego liability,
26 as well as **facts** supporting each." *Id.* at 1116 (emphasis added). Simply parroting
27 the factors utilized in determining whether *alter ego* applies does not comply with
28 federal pleading requirements. *Emeraldian Ltd. P'ship v. Wellmix Shipping Ltd,*

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

24

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

**MOTION TO DISMISS COMPLAINT**

1    2009 U.S. Dist. LEXIS 89355, at *9 (S.D.N.Y. Sept. 28, 2009)("The Third

2    Amended Complaint contains primarily conclusory allegations that merely recite the

3    factors considered by courts in this Circuit when evaluating alter ego claims"); *Legal*

4    *Additions LLC v. Kowalski,* 2010 U.S. Dist. LEXIS 5095, at *17-20 (N.D. Cal. Jan.

5    22, 2010)(*Twombly/Iqbahl* pleading requirements apply to pleading of *alter ego*

6    doctrine); *Eclectic Properties East, LLC v. The Marcus & Millichap Co.*, 2010 U.S.

7    Dist. LEXIS 7381, at *15 (N.D. Cal. Jan. 29, 2010)("No facts—as opposed to

8    conclusory assertions—have been pleaded to support the alter ego theory").

9         Here, Tatung's *alter ego* allegations merely parrot back the factors used to

10   determine whether *alter ego* liability exists. *See* FAC ¶¶232-239. In fact, Tatung's

11   FAC is even more deficient than those found without merit in *Emeraldian Ltd.*

12   *Partnership* and *Eclectic Properties East, LLC*, since after reading the FAC, Hsu can

13   only guess what she allegedly did to warrant *alter ego* liability. The Court should

14   find that Tatung fails to allege facts sufficient to invoke *alter ego* against Hsu.

15                              **IV. CONCLUSION**

16        This Court lacks personal jurisdiction over Hsu, Tatung's claims grounded in

17   fraud fail to comply with Fed.R.Civ.P. 9(b) and Tatung fails to allege sufficient facts

18   to satisfy the lack of reasonable equivalent value prong of its constructive fraudulent

19   transfer claim. Tatung's RICO claims are also defective and it is evident Tatung

20   lacks standing to assert a RICO claim and, therefore, this Court lacks subject matter

21   jurisdiction over this action. Finally, Tatung fails to allege any facts demonstrating

22   Hsu is anyone's *alter ego*. For all these reasons, the Court should dismiss Tatung's

23   claims against Hsu and this lawsuit in its entirety.

24                              **SHULMAN HODGES & BASTIAN LLP**

25

26   Dated: April 1, 2014        _____
                                 Gary A. Pemberton
27                               Attorneys for Defendant Yin Hsu Chen
                                 aka Chin-Ying Hsu
28

SHULMAN HODGES &
BASTIAN LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

4754-000\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx

25

**MOTION TO DISMISS COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 8105 Irvine Center Drive, Suite 600, Irvine, California 92618.

On April 1, 2014, I served the documents named below on the parties in this Action as follows:

DOCUMENT(S) SERVED:    **CHIN-YING HSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO DISMISS TATUNG'S FIRST AMENDED COMPLAINT**

SERVED UPON:    **SEE THE ATTACHED SERVICE LIST**

**[X]**    **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Shulman Hodges & Bastian LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in affidavit.

Joseph R. Dunn
Daniel T. Pascucci
Eric Joseph Eastham
Mintz Levin Cohn Ferris Glovsky
and Popeo PC
3580 Carmel Mountain Road, #300
San Diego, CA 92130

Joseph S. Wu
USAsia Law, Inc.
5670 La Jolla Blvd.
La Jolla, CA 92037

Michael G. Spector
Michael G. Spector Law Offices
2677 North Main Street, #320
Santa Ana, CA 92705

Carol S. Zaist
Robyn E. Frick
Newmeyer & Dillion LLP
895 Dove Street 5th Floor
Newport Beach, CA 92660

John A. Kithas
Law Offices of John A. Kithas
1 Embarcadero Center, #1020
San Francisco, CA 94111

**[X]**    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2014, at Irvine, California.

_____
Tovia Lenz

4161-006\Z:\G-H\Houng, Richard\Chin-Ying Hsu\Pleadings\Mtn Dismiss FAC- Points and Authorities (rev).docx