John A. Kithas (State Bar No. 64284)
Chris D. Land (State Bar No. 238261)
LAW OFFICES OF JOHN A. KITHAS
One Embarcadero Center, Suite 1020
San Francisco, California 94111-3600
Telephone: 415-788-8100
Facsimile: 415-788-8001
john@kithas.com chris@kithas.com

Attorneys for Defendants
Shu Tze Hsu, Shou-Por Houng, and Jui-Ling Hsu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATUNG COMPANY, LTD., | Case No. CV13-01743 DOC (ANx) |
| Plaintiff, | DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT PROCESS, LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FORUM NON CONVENIENS |
| v. | |
| SHU TZE HSU, *et al.*, | |
| Defendants. | Date: June 9, 2014<br>Time: 8:30 am<br>Dept: 9D, Hon. David O. Carter |

1

# TABLE OF CONTENTS

TABLE OF CONTENTS                                                                    2

TABLE OF AUTHORITIES                                                                 3

I. INTRODUCTION                                                                      6

II. ARGUMENT                                                                         6

    A. PLAINTIFF CONCEDES THAT THERE WAS NO SUMMONS,

       MEANING THAT THERE WAS INSUFFICIENT PROCESS.        6

    B. PLAINTIFF FAILS TO ESTABLISH MINIMUM CALIFORNIA

       CONTACTS OF DEFENDANTS INDIVIDUALLY.                8

      1.  SHU TZE HSU                                          9

      2.  SHOU-POR HOUNG                                       11

      3.  JUI-LING HSU                                         12

    C. PLAINTIFF FAILS TO ESTABLISH PROPER GROUNDS FOR

       VENUE.                                             13

      1.  28 U.S.C. § 1391(b)(1)                               13

      2.  28 U.S.C. § 1391(b)(2)                               14

      3.  18 U.S.C. § 1965                                     17

      4.  28 U.S.C. § 1391(b)(3)                               18

    D. THE FACTORS IN THE FORUM NON CONVENIENS ANALYSIS

       STRONGLY FAVOR TAIWAN.                             19

III. CONCLUSION                                                                     22

1

TABLE OF AUTHORITIES

2

Cases

3   *ABC Great States, Inc. v. Globe Ticket Co.* (N.D. Ill. 1970) 310 F. Supp. 739 ........ 15

4   *Anunciation v. W. Capital Fin. Servs. Corp.* (9th Cir. 1996) 97 F.3d 1458 ........ 6-8

5   *Asahi Metal Indus. Co. v. Super. Ct. of Cal. (Cheng Shin Rubber Indus. Co.)*

6       (1987) 480 U.S. 102 ........ 13

7   *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino* (N.D. Cal.)

8       2010 WL 2219595 ........ 8

9   *Calder v. Jones* (1984) 465 U.S. 783 ........ 8

10  *Church v. Consol. Freightways, Inc.* (N.D. Cal.) 1992 WL 370829 ........ 20

11  *Crenshaw v. Antokol* (D.D.C. 2003) 287 F. Supp. 2d 37 ........ 18

12  *Daly-Murphy v. Winston* (9th Cir. 1987) 837 F.2d 348 ........ 6-7

13  *Destfino v. Reiswig* (9th Cir. 2011) 630 F.2d 952 ........ 9

14  *Doe v. Am. Nat'l Red Cross* (9th Cir. 1997) 112 F.3d 1048 ........ 12

15  *Dole Food Co. v. Watts* (9th Cir. 2012) 303 F.3d 1104 ........ 12,21

16  *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.* (5th Cir. 1985)

17      753 F.2d 444 ........ 7

18  *Hayes v. Whitman* (10th Cir. 2001) 264 F.3d 1017 ........ 19

19  *In re Johns-Manville Corp.* (S.D.N.Y. 1983) 26 B.R. 420 ........ 11

20  *In re Johns-Manville Corp.* (S.D.N.Y. 1984) 40 B.R. 219 ........ 11

21  *Int'l Shoe Co. v. Washington* (1945) 326 U.S. 310 ........ 14

22  *Kazenercom Too v. Turan Petroleum, Inc.* (D.D.C. 2008) 590 F. Supp. 2d 153 ........ 17-18

23  *Kinslow v. Pullara* (7th Cir. 2008) 538 F.3d 687 ........ 8

24  *Lockman Found. v. Evangelical Alliance Mission* (9th Cir. 1991) 930 F.2d 764 ........ 19,21

25  *Patel v. Dameron Hosp.* (E.D. Cal.) 2000 WL 35619441 ........ 7-8

26  *Pfister v. Selling Source, LLC* (D. Nev. 2013) 931 F. Supp. 2d 1109 ........ 14

27  *Phillips v. Murchison* (S.D.N.Y. 1961) 194 F. Supp. 620 ........ 8

28

1  _Piedmont Label Co. v. Sun Garden Packing Co._ (9th Cir. 1979) 598 F.2d 491          13,18

2  _Piper Aircraft Co. v. Reyno_ (1981) 454 U.S. 235                                     21-22

3  _Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp._ (2007) 549 U.S. 422             19

4  _Sorchini v. City of Covina_ (9th Cir. 2001) 250 F.3d 706                             7

5  _United Food & Commercial Workers Union etc. v. Alpha Beta Co._  (9th Cir.

6      1984) 736 F.2d 1371                                                               6

7  _Walden v. Fiore_ (9th Cir. 2012) 688 F.3d 558                                        13,21

8

9  Statutes/Rules

10  11 U.S.C. § 362                                                                      11

11  18 U.S.C. § 1965                                                                     17-18

12  28 U.S.C. § 1391                                                                     13-14,18-19

13  Cal. Civil Code § 2793                                                              10

14  Cal. Corp. Code § 309                                                               10

15  F.R.A.P. 32.1                                                                        7

16  Ninth Circuit Rule 36-3                                                              7

17

18  Records

19  Docket No. 49: First Amended Complaint ("FAC")                                      _passim_

20  Docket No. 58: Yin Hsu Chen's Motion to Dismiss                                      9

21  Docket No. 74: Plaintiff's Opposition to Yin Hsu Chen's Motion                       9,13

22  Docket No. 88: Yin Hsu Chen's Reply Brief                                            4,9,13,15

23  Docket No. 109: Motion to Dismiss ("Motion")                                         _passim_

24  Docket No. 115: Declaration of John A. Kithas in Opposition to Plaintiff's

25      Motion for an Order Authorizing Service                                          10

26  Docket No. 119: Plaintiff's Opposition to the Motion ("Opposition")                  _passim_

27  Docket No. 119-1: Plaintiff's Objections                                            21

28

Transcript of Deposition of Richard Houng taken May 10, 2011, in *Tatung Co.*
  *v. Houng*, Judicate West Case No. A152234-25                                   11,12


Treatises

Friedman, <u>Cal. Prac. Guide Corps.</u> (Rutter Group 2014)                        11

Schwarzer *et al.*, <u>Cal. Prac. Guide Fed. Civ. Pro. Before Trial</u> (Rutter Group
  2014)                                                                          8,13,14,19

I.      INTRODUCTION

Defendants Shu Tze Hsu, Shou-Por Houng, and Jui-Ling Hsu ("Defendants" or "moving Defendants") submit the following Reply brief in support of their Motion to Dismiss (Docket No. 109, "Motion") the First Amended Complaint (Docket No. 49, "FAC").  The Motion should be granted because Plaintiff's Opposition to the Motion (Docket No. 119, "Opposition") concedes that there was insufficient process, fails to establish minimum California contacts of Defendants individually, fails to establish proper grounds for venue, and fails to counter the factors supporting forum non conveniens.  The common thread in each of these independent grounds for dismissal is that the FAC does not link the moving Defendants to California but only attempts to lump all of the defendants together as one.

II.     ARGUMENT

A. PLAINTIFF CONCEDES THAT THERE WAS NO SUMMONS, MEANING THAT THERE WAS INSUFFICIENT PROCESS.

The Opposition concedes that Defendants were not served with a summons on the FAC.  Thus the facts are undisputed, and there is only a question of law for the Court to resolve: whether service of the FAC without a summons is sufficient or insufficient process.  The Opposition does not cite *any* authority to argue that process is sufficient without a summons, but only a single decision to argue that service requirements should be "flexible."  In that case, *United Food & Commercial Workers Union etc. v. Alpha Beta Co.* (9th Cir. 1984) 736 F.2d 1371, the defendant *did* receive a summons, which had an error on it.  Here, by contrast, it is undisputed that Defendants were *not* served with a summons on the FAC.  Further, to receive the benefit of "flexible" rules, the plaintiff must establish a justifiable excuse for the defect.  *Anunciation v. W. Capital Fin. Servs. Corp.* (9th Cir. 1996) 97 F.3d 1458, *2, *citing Daly-Murphy v. Winston* (9th Cir. 1987) 837 F.2d 348, 355 n.4.   As in

*Anunciation* and *Daly-Murphy*, Plaintiff here presents no justifiable excuse for its defective service.

Meanwhile, the Motion cited three decisions to show that summons-less service is insufficient process.  The Opposition's attempts to downplay those decisions are inaccurate and ineffective.  *Anunciation* clearly holds that an amended complaint served on a defendant who has not appeared must be accompanied by a summons. The Opposition challenges *Anunciation* by citing "Fed. R. App. Proc. 32.1(a) and 36-3" for the proposition that an unpublished decision cannot be cited or persuasive. Opposition at 24:20-23 (Page ID# 2112).  F.R.A.P. 32.1 states nearly the opposite: courts *must* allow citation of certain unpublished decisions.  The Opposition's citation to *Sorchini v. City of Covina* (9th Cir. 2001) 250 F.3d 706 is inapposite because it predates the 2006 amendment of F.R.A.P. 32.1.  There is no such rule as F.R.A.P. 36-3; Ninth Circuit Rule 36-3 similarly allows citation of unpublished decisions in certain circumstances.   Disingenuously, the Opposition cites some ten other unpublished decisions.  *See* Opposition at ii-v (Page ID# 2084-87).

More importantly, *Anunciation* is supported by published authority and has been followed by the district courts in this Circuit.  In *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.* (5th Cir. 1985) 753 F.2d 444, the plaintiff served Norfolk with a complaint and summons.  Before Norfolk appeared, another defendant served Norfolk with a cross-claim without a summons.  The Fifth Circuit stated that service without a summons on a defendant who has not appeared is insufficient.  *Fluor* at 449 n.7.   *Patel v. Dameron Hosp.* (E.D. Cal.) 2000 WL 35619441, *4 n.2, quotes *Anunciation* as an additional authority requiring that an amended complaint include a summons.  The Opposition's contention, buried in its footnote 16, that *Patel* did not involve an amended complaint, is simply false.  In *Patel*, the plaintiffs served a first amended complaint on October 29, 1999.  *Patel* at *2.  By their own admission, that service did not include a summons, and therefore the "attempt was ineffective under

federal and state law." *Id.* at *4.  Identically here, Plaintiff concedes that it did not serve a summons on the FAC.  Similarly in *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino* (N.D. Cal.) 2010 WL 2219595, the plaintiffs served an amended complaint without a summons.  *Bricklayers* at *4.  The court quoted *Patel*'s quotation of *Anunciation* to disapprove such service.  *Id.* at *3 n.5.

Finally, to the extent that the Opposition seeks to rely on a summons served with the original complaint, it is inapposite.  "'[T]he currently effective complaint must accompany summons; i.e., if the original complaint has been superseded by an amended complaint, service is ineffective if the original (rather than the amended) complaint is served.'"  *Patel* at *4, *quoting* Schwarzer *et al.*, Cal. Prac. Guide Fed. Civ. Pro. Before Trial (Rutter Group) § 5:166, *citing Phillips v. Murchison* (S.D.N.Y. 1961) 194 F. Supp. 620, 622.  In *Phillips*, the plaintiff filed an amended complaint which effectively superseded and withdrew his original complaint.  *Phillips* at 622.  Thus when the plaintiff served a summons with the original complaint, the court held that such service was improper and set it aside as insufficient.  *Id.*  Here, the operative complaint is the FAC, where it is undisputed that no summons was served on Defendant.  Therefore there is only the legal question of whether process for the FAC was sufficient or insufficient: given the uncontroverted authorities, the Court must decide that process was insufficient and dismiss the FAC against Defendants.

## B. PLAINTIFF FAILS TO ESTABLISH MINIMUM CALIFORNIA CONTACTS OF DEFENDANTS INDIVIDUALLY.

As stated in the Motion, establishing personal jurisdiction puts a plaintiff to the burden of showing minimum contacts for each defendant individually.  *Calder v. Jones* (1984) 465 U.S. 783, 790; *Kinslow v. Pullara* (7th Cir. 2008) 538 F.3d 687, 692-93.  The Opposition only confirms the FAC's failure to do so as to the moving Defendants.  Like the FAC, the Opposition couches nearly all of its allegations against

Defendants in aggregate terms: "the Houng family," "the Hsu Defendants," "the Houng Family Defendants," "the Hsu Defendants and their family members," "the Hsu Defendants and their family."  There is no serious dispute that a "family member" of Defendants—their son/nephew Richard Houng—engaged in relevant conduct or transactions.  After all, Plaintiff already has a $27.6 million judgment against him.  FAC ¶ 1.  However, Plaintiff simply cannot drag Richard Houng's older and geographically remote relatives into a second lawsuit by lumping the entire extended family together.  A complaint must "'state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights'"; a complaint that, as here, makes "'everyone did everything' allegations" is properly dismissed.  *Destfino v. Reiswig* (9th Cir. 2011) 630 F.2d 952, 958.

As to personal jurisdiction, Defendants' Motion and Yin Hsu Chen's Motion to Dismiss (Docket No. 58) raise parallel issues, and Plaintiff's Opposition here makes similar claims to those in its opposition (Docket No. 74) to Yin Hsu Chen's Motion.  Her Reply (Docket No. 88) effectively describes Plaintiff's tendency to characterize its aggregate allegations as "detailed" or specific, so those (mis)characterizations will not be dwelled on here.  The only individualized allegations against the moving Defendants are contained in a single paragraph of the Opposition (even if parroted elsewhere).  Opposition at 10:1-10 (Page ID# 2098).  They are not sufficient to establish minimum contacts for any of the three Defendants.

1.  SHU TZE HSU.

The Opposition, citing FAC ¶¶ 197-198, alleges that:

Shu Tze Hsu, as the Chairman of defendant Li Fu Investment Co., played a critical role in the final bust out of WDE, causing Li Fu to (i) create WD/Golden Star to serve as the successor to WD in Orange County; (ii) finance the grossly low purchase price of WDE's LED TV business through the fraudulent LED TV Transfer; and (iii) provide a written guarantee to CBS of WD's payment of the future royalty streams due CBS from its operations in Orange County.

Opposition at 10:3-8.  This argument fails for several reasons.  First, FAC ¶ 197 in reality alleges "On information and belief" that Shu Tze Hsu, along with three other defendants and "with the assistance of other ASSIGNMENT DEFENDANTS" caused yet another defendant, Li Fu Investment Co., to form entities including a LLC "under the laws of the State of Delaware."  Thus, this is another "everyone did everything" allegation and is related to Delaware, not California.  Second, FAC ¶ 198 alleges that Li Fu Investment Co. provided a written guarantee to a third party for yet another defendant "with consent and support from" Shu Tze Hsu and three other defendants.  There is no mention of Orange County, and even if there were, it would hardly establish sufficient contacts: as stated in the Motion, Plaintiff does not make any claim for breach of guarantee, much less for breach of guarantee *to Plaintiff*, nor does it allege that the guarantee was made in California.  And even if Plaintiff made a claim based on the alleged guarantee, that *still* would not create sufficient contacts for Shu Tze Hsu, who is not alleged to be the guarantor but only alleged to have given "consent and support."  Giving "consent and support" cannot expand liability beyond the person who signs a guarantee.  *See* Cal. Civil Code § 2793.

Third, Plaintiff's allegations are all premised on Shu Tze Hsu being either "the Chairman of defendant Li Fu Investment Co." (Opposition at 10:3) or one of several "co-owners of LI FU" (FAC ¶¶ 197-198).  Despite Plaintiff repeatedly claiming that its allegations are "uncontroverted," there is at least some dispute about Defendants' role, if any, in Li Fu Investment Co.  *See* Declaration of John A. Kithas in Opposition to Plaintiff's Motion for an Order Authorizing Service (Docket No. 115) ¶¶ 11-12.  Third, even assuming, *arguendo*, that Li Fu Investment Co. had sufficient contacts for California jurisdiction over it, Plaintiff makes a huge and unsupported leap in extrapolating contacts of a foreign corporation to jurisdiction over all of its alleged directors and owners.  Directors are not liable for actions taken in the ordinary course of corporate business.  Cal. Corp. Code § 309(c).  Similarly, a corporation, not its

shareholders, is responsible for its own obligations.   Friedman, <u>Cal. Prac. Guide Corps.</u> (Rutter Group 2014) § 2:38.  Thus if Li Fu Investment Co. wronged Plaintiff in some way, Plaintiff's recourse is against Li Fu Investment Co.; Plaintiff cannot drag an alleged director/owner into litigation over corporate business, especially mere "consent and support" thereof.

   2.  SHOU-POR HOUNG.

   The Opposition, citing FAC ¶¶ 95 n.10 and 227, alleges only that Shou-Por Houng "personally ratified the corporate actions Nexis perpetrated in California." Opposition at 10:1-2.  These allegations of the FAC were exposed as wanting in the Motion (at 9:6-9, 21:10-11), and the Opposition does nothing to redeem them.  There is no identification of any particular resolution or how it damaged Plaintiff, and the ratifications are not alleged to have been made in California.   Indeed, Plaintiff's counsel took the deposition of Richard Houng, and he did not recall where resolutions were signed.  Transcript of Deposition of Richard Houng taken May 10, 2011, in <u>*Tatung Co. v. Houng*</u>, Judicate West Case No. A152234-25 at 506:13-20.  And again, ordinarily there is no liability of directors for corporate actions.  Thus even if Plaintiff claims some damage from one of the Nexis resolutions, its recourse is against Nexis. Plaintiff is a creditor in Nexis' bankruptcy, Case No. 10-BK-18696 in this District, and Plaintiff has not established why bankruptcy remedies are insufficient or why it should be able to drag a debtor's director into separate civil litigation.   At least in some circumstances, the automatic stay of 11 U.S.C. § 362 would extend to the debtor's directors.  <u>*In re Johns-Manville Corp.*</u> (S.D.N.Y. 1983) 26 B.R. 420, 428, *aff'd in pertinent part,* (S.D.N.Y. 1984) 40 B.R. 219, 224-25.

3.  JUI-LING HSU (sued as Rui-Lin Hsu).

The Opposition, citing FAC ¶¶ 86-87, alleges only that Jui-Ling Hsu "pledged his personal assets as collateral to secure financing to prop up the Sham Enterprise, including WDE and Nexis in California."  Opposition at 10:8-10.  FAC ¶ 87 does not mention Jui-Ling Hsu (by any name) at all.  FAC ¶ 86 mentions him within more "everyone did everything" allegations:

> members of the HOUNG FAMILY DEFENDANTS personally guaranteed and/or collateralized (including SHOU-POR HOUNG, SHU TZU HSU and RUI-LIN HSU, as well as LI FU and WSI...  Certain lines of credit were secured by the assets of LI FU, a company equitably and legally owned and controled by defendants SHU TZE HSU, SHOU-POR HOUNG and RUI-LIN HSU to hold certain CMC stock.

It adds a lone specific allegation that "RUI-LIN HSU pledged at least $10 million of personal assets by way of a March 22, 2005 Collateral Pledge Agreement for a loan(s) with another foreign bank, the proceeds of which were to be used by the Sham Enterprise." [1]  There is no express mention of California.  Further, to the extent that Jui-Ling Hsu secured a loan to WDE/Nexis, that would seem to be conduct favorable, not damaging, to WDE/Nexis creditors like Plaintiff.  Thus it cannot satisfy the purposeful availment requirement of "causing harm that defendant knows is likely to be suffered in the forum state."  _Dole Food Co. v. Watts_ (9th Cir. 2012) 303 F.3d 1104, 1111.  Even if this solitary foreign transaction from 2005 somehow both reached across an ocean to California and indirectly harmed Plaintiff, it is too attenuated to Plaintiff's claims to be a sufficient contact to justify California jurisdiction.  _See Doe v. Am. Nat'l Red Cross_ (9th Cir. 1997) 112 F.3d 1048, 1051.

Put another way, it would be unreasonable to exercise jurisdiction over Jui-Ling Hsu or the other moving Defendants based on allegations that are remote and tiny fragments of the lengthy, imprecise, and convoluted scheme alleged in the FAC.  As detailed in the Motion (at 17:4-24), the Supreme Court's reasonableness analysis in

---

[1] Plaintiff appears to have doubled its allegation to $10 million from the $5 million figure about which it previously examined Richard Houng.  Transcript of Deposition of Richard Houng, _supra_, at 476:17-477:1.

*Asahi Metal Indus. Co. v. Super. Ct. of Cal. (Cheng Shin Rubber Indus. Co.)* (1987) 480 U.S. 102 strongly applies to the moving Defendants.  The Opposition's attempt (at 13:19-23) to sidestep *Asahi Metal* is as ineffective as the same attempt made in its opposition (Docket No. 74 at 13:13-17) to Yin Hsu Chen's Motion.  As her Reply aptly counters (Docket No. 88 at 11:6-12:13), the Opposition conflates two of the three requirements for specific jurisdiction: purposeful availment and reasonableness.  *See* *Walden v. Fiore* (9th Cir. 2012) 688 F.3d 558, 564.  For the three moving Defendants—older (and in one case suffering from heart disease), foreign individuals whose main offense seems to be being related to Plaintiff's judgment debtor—*Asahi Metal* compels a finding that exercising personal jurisdiction in California would be unreasonable.

## C.  PLAINTIFF FAILS TO ESTABLISH PROPER GROUNDS FOR VENUE.

The Motion detailed why none of the three statutes invoked in the FAC supports venue in this District, and the Opposition does nothing to alter that conclusion.  To the extent that the Opposition (at 16:13-16) attempts to shift Plaintiff's burden to Defendants, it fails because, at least in this Circuit, the plaintiff has the burden to establish proper venue.  Schwarzer, *supra*, § 9:135, *citing* *Piedmont Label Co. v. Sun Garden Packing Co.* (9th Cir. 1979) 598 F.2d 491, 496.  The Opposition also attempts to add a fourth statute, 28 U.S.C. § 1391(b)(3), which is not in the FAC and also fails to justify venue here.

### 1.  28 U.S.C. § 1391(b)(1).

Just as the Motion anticipated (at 18:20-19:2), the Opposition argues that foreign defendants should be disregarded for determining venue under 28 U.S.C. § 1391(c)(3).  The Motion made two counterarguments.  First, § 1391(c)(2) would require Plaintiff to establish personal jurisdiction over at least the Delaware entities.

While Plaintiff itself did not do so, those entities apparently consented to personal jurisdiction through their responsive pleadings.   Second, however, § 1391(b)(1) requires that *all* defendants be residents of this state, *i.e.,* California.   Thus if any defendant is a resident of a different state, it defeats venue in this District.   A corporate defendant resides "in every state in which it has 'minimum contacts.'" Schwarzer, *supra,* § 4:229, *citing* <u>Int'l Shoe Co. v. Washington</u> (1945) 326 U.S. 310, 316.   Given the numerous foreign corporations sued by Plaintiff and its allegations that those corporations executed a complex scheme in the U.S., it seems probable that some of those defendants reside in different states.   Plaintiff has the burden to establish that venue is proper in this District.   *E.g., <u>Pfister v. Selling Source, LLC</u>* (D. Nev. 2013) 931 F. Supp. 2d 1109, 1119.   The Opposition improperly seeks to shift this burden to Defendants by requiring them to provide evidence of other parties' residences which the FAC selectively omitted.   Opposition at 18:26-27 (Page ID# 2106).   Therefore, Plaintiff has not carried its burden to establish venue under 28 U.S.C. § 1391(b)(1).

### 2.  28 U.S.C. § 1391(b)(2).

28 U.S.C. § 1391(b)(2) authorizes venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."   The Opposition claims that "The FAC unequivocally alleges a 'substantial part'" and "set[s] forth in detail ... a substantial portion,"  while apparently conceding that such events are not a "majority" and do not "predominate."   Opposition at 18:23-19:1, 19:15, 19:27-20:1 (Page ID# 2106-08).   However, the FAC alleges only that "a substantial *number* of events giving rise to this action occurred in this district."   FAC ¶ 38 (emphasis added).   Even if that were true, many other events, especially all of those alleged against the moving Defendants specifically, occurred in Taiwan or elsewhere.   Indeed, the factual section of the FAC, over forty-plus pages, hardly

mentions California.   The Opposition makes two citations to numerous FAC paragraphs which purportedly allege events in Orange County.   Opposition at 19:8, 19:13-14.   As aptly noted in Yin Hsu Chen's Reply (Docket No. 88 at 1:20-26), Plaintiff must hope that the Court will not take the time to read those FAC paragraphs because they do not support venue against Defendants.

The first set of paragraphs cited states the place of incorporation, principal place of business, and alleged basis for personal jurisdiction for various corporate defendants, none of which are the moving Defendants.   Plaintiff cannot extend alleged grounds for venue against some defendants to reach all other defendants; rather, it must establish that venue is independently proper for each defendant.   *ABC Great States, Inc. v. Globe Ticket Co.* (N.D. Ill. 1970) 310 F. Supp. 739, 743.   The only paragraph to mention Defendants (other than "everyone did everything" references to "the HOUNG FAMILY DEFENDANTS") is ¶ 41.   That paragraph does *not* allege that Defendants took action in California: it alleges that "non-party Richard Houng, the OPERATIONAL DEFENDANTS and the other defendants" took actions in California, which were only "on behalf of the HOUNG FAMILY DEFENDANTS."   The aggregate Houng family is alleged to have "purposefully directed those actions at the State of California."   This paragraph is a transparent attempt to establish personal jurisdiction which does not allege any identifiable event which took place in California, much less a substantial part of events on which to base venue.

The second citation lists a parade of 34 paragraphs in connection with "Orange County."   Opposition at 19:13-14.   Review of those 34 paragraphs finds *zero* that mention "Orange County" and only three that mention "California."   Those three do not comprise a substantial part of events, especially not against the moving Defendants, none of whom is individually mentioned:

- ¶ 103 states that WDE (Plaintiff's $20 million judgment debtor) was in California.

- ¶ 125 states that some corporate defendants' bank accounts were in California and that defendants Benson Lin and David Chen took actions in California.

- ¶ 127 states that WDE and some corporate defendants were in California and had California bank accounts.

If anything, the cited paragraphs support Defendants' position that a substantial part of events took place *outside* California: at least nine of them describe events that took place "off-shore."  FAC ¶¶ 63, 64, 87, 88, 99, 101, 122, 125, 126.  Likewise, the substantial part, if not all, of the events that the Opposition alleges against the moving Defendants individually took place outside California.   As detailed in §§ II.B.1-3, *supra*: Shu Tze Hsu is only alleged to have acted through Taiwan corporation Li Fu Investment Co. to form entities including a Delaware LLC.  Shou-Por Houng is only alleged to have ratified certain corporate resolutions, without Plaintiff alleging where those ratifications occurred.  Jui-Ling Hsu is only alleged to have secured a loan from a "foreign bank."  *See* Opposition at 10:1-10.

Further, only two of the 34 paragraphs identify the moving Defendants individually, and they neither mention California nor add anything to the allegations already addressed above:

- ¶ 95 references the corporate resolutions allegedly signed by Shou-Por Houng in an unknown location.  It also alleges that the aggregate Houng family laundered assets away from WDE with purposes including:

> pay[ing] off certain foreign bank debts … supported by personal guarantees and/or assets of certain members of the HOUNG FAMILY DEFENDANTS, including, on information and belief, SHU TZE HSU, SHOU-POR HOUNG AND RUI-LIN HSU

This is insignificant for several reasons.  First, if Plaintiff claims injury from alleged money laundering, then the laundering is the relevant action, not its alleged "purposes."  If the laundering proceeds had been donated to charity, presumably Plaintiff would still claim damages.  Second, similarly, it makes no difference to

the laundering who might have guaranteed debt which was allegedly repaid with laundering proceeds.   As stated above, Plaintiff does not make any claim for breach of guarantee.   Third, ¶ 95 concedes that the alleged debt payoff was to a "foreign bank," *i.e.,* not in California.

- ¶ 199 attributes action to other defendants:

  the OPERATIONAL DEFENDANTS (in particular, DOUGLAS WOO, JOHN ARAKI, BENSON LIN, JENNIFER HUANG, DAVID CHEN and JUAN SALCEDO, under the direction of SHU TZE HSU, SHOU-POR HOUNG,CHIN-YING HSU, RUI-LIN HSU and non-party Richard Houng) intentionally misrepresented WDE's projected future sales on its new LED TV business to CMA.

*I.e.,* it alleges that six other defendants allegedly misrepresented something "under the direction of" five persons including the moving Defendants.   The misrepresentation is not expressly alleged to have taken place in California, much less the "direction" thereof.   Indeed, Plaintiff concedes that four of the five alleged "directors" are in Taiwan.   FAC ¶¶ 6-9.   The fifth person, Richard Houng, is in California, and Plaintiff already has a $27.6 million judgment against him.   FAC ¶ 1.   Whatever Richard Houng (a non-party in the instant case) might have done in California does not create a substantial part of events against his relatives living on another continent.

Accordingly, Plaintiff has not established a substantial part of events, at least not against the moving Defendants, to support venue in this District.


### 3.   18 U.S.C. § 1965.

In refuting venue under 18 U.S.C. § 1965(a), the Motion (at 20:24-21:13) discussed *Kazenercom Too v. Turan Petroleum, Inc.* (D.D.C. 2008) 590 F. Supp. 2d 153, which held that a plaintiff must show that defendants transact business of a substantial character in the subject district.   Defendants from Kazakhstan and Los Angeles with connections in Washington, D.C., did not transact sufficiently

substantial business to justify venue in Washington.  Similarly here, the moving Defendants' alleged connections in California—primarily their blood relation to Richard Houng—do not amount to transacting substantial business in this District. The Opposition neither disputes _Kazenercom_ nor offers evidence that the moving Defendants transact substantial business in this District.  Rather, it makes the circular argument that all defendants transact business in this District because Plaintiff alleges that they violated RICO in this District.  Opposition at 20:23-21:3 (Page ID# 2108-09).  As it does elsewhere, Plaintiff attempts to lump all 28 defendants together, _id._ at 20:22-23, and bypass its burden to establish venue against each of them.  _Cf. Piedmont Label_ at 495 (rejecting co-conspirator theory of venue in antitrust context).

Similarly as to 18 U.S.C. § 1965(b), the Opposition argues that personal jurisdiction over three domestic entities somehow justifies a leap to venue for the other 25, mostly foreign, defendants.  _Id._ at 21:4-7.  _Kazenercom_ specifically stated that venue under § 1965(b) can be declined where based on proper venue for only a subset of the defendants.  _Kazenercom_ at 160.  The Opposition fails to address the actual factors analyzed under § 1965(b): "the location of the parties, witnesses, records, and acts or omissions giving rising to the claims… judicial economy… expeditious disposition… [and] whether there exists an alternative forum."  _Crenshaw v. Antokol_ (D.D.C. 2003) 287 F. Supp. 2d 37, 42.  As argued in the Motion (at 21:14-24), these factors weigh against venue in California, and as discussed in § II.D, _infra,_ there is an alternative forum in Taiwan.

4.  28 U.S.C. § 1391(b)(3).

Although not cited in the FAC or any proposed amendment thereto, the Opposition contends in its footnote 13 that 28 U.S.C. § 1391(b)(3) would support venue in this District.  Because § 1391(b)(3) requires that there is no district in which to bring the action, it is inconsistent with the FAC's stated venue theories, and

therefore the Court should not consider it.  *See Hayes v. Whitman* (10th Cir. 2001) 264 F.3d 1017, 1025.  Even if this inconsistent theory were considered, the Opposition's plea that venue lies here in this 28-defendant case because three of them are subject to personal jurisdiction here must fail.  Section 1391(b)(3) does not create personal jurisdiction over the other 25 defendants, and the FAC should still be dismissed against defendants for whom, like the moving Defendants, personal jurisdiction is lacking.  *See* Schwarzer, *supra,* § 4:363.

## D. THE FACTORS IN THE FORUM NON CONVENIENS ANALYSIS STRONGLY FAVOR TAIWAN.

Dismissal based on forum non conveniens is warranted where (A) there is an adequate alternative forum and (B) the balance of private and public interest factors supports dismissal.  Schwarzer, *supra,* § 4:845, *citing Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.* (2007) 549 U.S. 422, 429.  The Opposition focuses almost entirely on the first requirement, making an argument already anticipated and countered in the Motion, at the expense of addressing the nine interest factors which strongly favor Taiwan.

As to the first requirement, it is met where the defendant is susceptible to service of process in the alternative forum.  *Lockman Found. v. Evangelical Alliance Mission* (9th Cir. 1991) 930 F.2d 764, 768.  As anticipated in the Motion (at 24:21-25:8), the Opposition argues, at some length, that Defendants must show that *all* defendants are subject to personal jurisdiction in Taiwan.  This argument fails for the reasons already stated.  Even if the Court were hesitant to order dismissal, it would be proper to stay the case.  *See* Schwarzer § 4:851.  As Plaintiff insists that the stay procedure is not "appropriate," Opposition at 22:28, dismissal should be granted.

The second requirement balances nine interest factors.  While discussed in detail in the Motion (at 23:1-24:20), the Opposition reduces them to a few conclusory

---

sentences.  Opposition at 23:9-18 (Page ID# 2111).  For example, the first factor is the "residence of the parties and witnesses," the majority of whom are in Taiwan.  FAC ¶¶ 4-35.  The Opposition ignores the location of the parties, claiming only that "most of the witnesses" are in California.  Opposition at 23:15-16.  It cites to FAC paragraphs stating the locations of six defendants, ignoring its boast elsewhere that the FAC names *28* defendants.  *Id.* at 20:22.  Six out of 28 does not amount to "most of the witnesses."   The Opposition also repeats its earlier contention that the underlying events were "centered in Orange County," again citing numerous FAC paragraphs which Plaintiff must hope will not be reviewed because, as detailed in § II.C.2, *supra,* they do not establish Plaintiff's contention and even include allegations of conduct outside California or "off-shore."  *E.g.,* FAC ¶¶ 41, 63.  Moreover, the location of underlying events is *not* one of the nine factors in the forum non conveniens analysis.  *See* Motion at 23:1-8.  Thus, even giving undue credence to Plaintiff's contention, the Motion could and should still be granted.

The only other factor that the Opposition seriously attempts to address is the local interest in the lawsuit.  Opposition at 23:13-15.  <u>Church v. Consol. Freightways, Inc.</u> (N.D. Cal.) 1992 WL 370829, *5-6, is cited for its statement that "California has a strong interest in preventing fraud by corporations residing and conducting business in California" and/or that "California has an interest in addressing the alleged fraudulent conduct of its residents."   The instant case is distinguishable in several ways.  First, it is undisputed that Defendants are neither corporations nor California residents.  FAC ¶¶ 6-7, 9.  Next, <u>Church</u> was a class-action certification decision addressing whether a class could be certified in California, vis-à-vis other states, because the class members (*i.e.,* plaintiffs) resided in various U.S. states.  <u>Church</u> at *5-6.  Meanwhile, "numerous defendants either resided or conducted business in California."  <u>Id.</u> at *6.  <u>Church</u> was not a forum non conveniens case where, as here, most of the defendants reside in another country.  The Opposition's final point (at

23:17) that "Tatung's claims arise under federal and California state law" cites no authority and is merely the inherent result of Plaintiff's choice to file its lawsuit here and to frame its claims under U.S. law. The Plaintiff's chosen forum is not one of the factors in the forum non conveniens analysis, and even in the personal jurisdiction context, it is not given much weight in this Circuit. <u>Walden</u> at 585; <u>Dole Food</u> at 1116.

The Opposition completely ignores the rest of the nine factors, including the availability of compulsory process, the costs of bringing parties to trial, enforceability of judgments, and burden on local courts and juries, all of which favor moving this case to Taiwan for the reasons stated in the Motion. Plaintiff's objections (Docket No. 119-1 and Opposition at 23:27-28) to the Taiwan statutes miss the point and support Defendants' position. Plaintiff, without identifying any differing version of any Taiwan law, objects that the statutes might not be "accurate and/or current" and that Defendants have not elaborated their "applicability" or how they "have been interpreted by relevant authorities in Taiwan." Those are exactly the kinds of cumbersome determinations that the Motion seeks to relieve the Court and jury from having to make. The Taiwan statutes are not contended to necessarily be definitive versions or translations to be enforced in this District. Rather, the point is that relevant Taiwan procedures exist, making Taiwan an adequate alternative forum, where those determinations can be made in the Taiwan courts, which will be familiar with the local law. The District Court should not have to delve into a comparison of the two sovereigns' laws in order to rule on this Motion, and indeed it can grant the Motion without undertaking such an onus. Differences in the law, even if less favorable to Plaintiff, simply do not matter.[2] *See* <u>*Piper Aircraft Co. v. Reyno*</u> (1981) 454 U.S. 235, 247, 254-55; <u>Lockman Found.</u> at 768. In <u>*Piper Aircraft*</u>, the District

---

[2] Defendants suspect that at least part of the reason that this lawsuit was filed in the U.S. by Taiwan-based Plaintiff, alleging conduct by numerous Taiwan defendants back in 2003 to 2009 or 2010, was to evade a shorter limitations period under Taiwan law.

Court granted a motion to dismiss based on forum non conveniens, rejecting the plaintiff's claim about differing foreign law because "any deficiency in the foreign law was a 'matter to be dealt with in the foreign forum.'" *Piper Aircraft* at 244. The Supreme Court affirmed the District Court's grant of the motion; it was error for the Third Circuit to base its contrary holding on an unfavorable difference in the laws. *Id.* at 261. Analogously here, the District Court should grant the Motion and let the Taiwan courts apply their own law.

### III.   CONCLUSION

For the foregoing reasons, the Motion should be GRANTED, and the FAC should be DISMISSED against Defendants.

Dated: May 27, 2014

LAW OFFICES OF JOHN A. KITHAS
Attorneys for Defendants Shu Tze Hsu,
Shou-Por Houng, and Jui-Ling Hsu



By John A. Kithas