O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TATUNG COMPANY, LTD., <br>     Plaintiff, <br><br> vs. <br><br> SHU TZE HSU, ET AL., <br>     Defendants. | Case No.: SA CV 13-1743-DOC (ANx) <br><br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ORDER AFFIRMING AND ADOPTING SPECIAL MASTER'S FEBRUARY 11, 2016 REPORT AND RECOMMENDATION RE: SANCTIONS AND CERTIFYING FACTS RE: CONTEMPT AGAINST DEFENDANT PEAK PARADISE [602]** |

Before the Court is Plaintiff Tatung Company, Ltd.'s ("Tatung" or "Plaintiff") Motion for Order Adopting and Affirming Special Master's February 11, 2016 Report and Recommendation Re: Sanctions and Certifying Facts Re: Contempt Against Defendant Peak Paradise ("Motion") (Dkt. 602). The Court held a hearing on the Motion on March 16, 2016. Having reviewed the papers and considered the parties' arguments, the Court hereby GRANTS IN PART Plaintiff's Motion. The Court AFFIRMS the Special Master's decision and findings and ADOPTS the Special Master's recommendations as set forth below.

**I.     Relevant Background**

On May 26, 2015, Tatung submitted a Motion for: (1) Evidentiary Sanctions against Defendant Peak Paradise Enterprises Co., Ltd; and (2) Monetary Sanctions Against Troutman Sanders, LLP and Defendant Peak Paradise Enterprises Co., Ltd. ("Sanctions Motion") to Judge McCurine (Judge McCurine" or "the Special Master"). *See* Mot. at 1; Declaration of Joseph R. Dunn ("Dunn Decl.") (Dkt. 603-1) Ex. A. In the Sanctions Motion, Tatung sought evidentiary sanctions against Peak Paradise Enterprises Co., Ltd. ("Peak Paradise" or "Peak") and monetary sanctions against Troutman Sanders LLP, Peak Paradise's former counsel, and Peak Paradise.[1] Tatung's Sanctions Motion "detailed how Peak and its sole representative, Sang-Yuan Lee, with the assistance of counsel, made numerous false representations to Tatung and the Court regarding Peak's purported diligence in responding to Tatung's discovery requests." Mot. at 1. Tatung asserted it was not until Sang-Yuan Lee's ("Mr. Lee") deposition in Taipei, Taiwan that Tatung discovered "the extent of the fraud." *Id.* at 2. Peak Paradise and its former counsel opposed Tatung's Sanctions Motion. *See* Mot. at 1 n.2.

A hearing on the Sanctions Motion was held before Judge McCurine on September 9, 2015. *See id.* at 2. On February 11, 2016, Judge McCurine issued the Amended Ruling Re Tatung's Motions for Sanctions Against Defendant Peak Paradise and Other Defendants; Report

---

[1] The Court notes that Tatung also sought various sanctions against Defendants Li Fu Investment Co. ("Li Fu"), Chimei Trading Co., Ltd., Shu Tze Hsu, Rich Demander, Shou-Pour Houng, Rui-Lin Hsu, Howard Houng, Gregory Hu, and Chin-Ying Hsu (collectively, the "Li Fu Defendants"). Amended Ruling Re Tatung's Motions for Sanctions Against Defendant Peak Paradise and Other Defendants; Report and Recommendation Certifying Facts Re Contempt Against Defendant Peak Paradise ("Amended Sanctions Ruling") (Dkt. 583-1) at 1. The Special Master denied without prejudice Tatung's Sanctions Motion as to the Li Fu Defendants. *Id.* at 25. Thus, in its instant Motion, Tatung does not address issues pertaining to the Li Fu Defendants.

and Recommendation Certifying Facts Re Contempt Against Defendant Peak Paradise ("Amended Sanctions Ruling") (Dkt. 583-1).[2] As the Court will discuss in detail below, Judge McCurine awarded monetary sanctions against Peak Paradise and found issue sanctions against Peak Paradise and Mr. Lee were appropriate. Amended Sanctions Ruling at 22–24. Judge McCurine also recommended Peak Paradise be required to show cause as to why it should not be adjudged in contempt by reason of its violation of Judge McCurine's prior orders. *Id.* at 25.[3]

Peak Paradise has not appealed any part of Judge McCurine's Amended Sanctions ruling, and the time to appeal has passed. *See* Order Amending Order Appointing Hon. William McCurine, Jr. (Ret.) as Special Master Pursuant to Federal Rule of Civil Procedure 53 ("Amended Appointment Order") (Dkt. 569) at 2.

On February 22, 2016, Plaintiff filed the instant Motion.[4] On February 29, 2016, Browne George Ross LLP ("BGR") filed an Opposition (Dkt. 611). Plaintiff replied on March 3, 2016 (Dkt. 614).

## II. Standard of Review

The Appointment Order provides that, "[p]ursuant to Rule 53(f)(1), in acting on an order, report, or recommendation by the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt, affirm, modify, wholly or partly reject or reverse, resubmit to the Special Master with instructions, or make any further orders it deems appropriate." Order Appointing Hon. William McCurine, Jr. (Ret.) as Special Master Pursuant to Federal Rule of Civil Procedure 53 ("Appointment Order") (Dkt. 120).

---

[2] The Court notes that, on February 3, 2016, Judge McCurine issued an initial Ruling Re Tatung's Motions for Sanctions Against Defendant Peak Paradise and Other Defendants; Report and Recommendation Certifying Facts Re Contempt (Dkt. 568-1). Only the Amended Sanctions Ruling, which superseded the initial ruling, is at issue here.

[3] Tatung and Troutman Sanders LLP reached a private settlement. Amended Sanctions Ruling at 5. Thus, the Special Master's Amended Sanctions Ruling did not address Tatung's allegations against Troutman Sanders LLP.

[4] The Court issued the Amended Appointment Order on February 19, 2016. The Amended Appointment Order modified the original Order Appointing Hon. William McCurine, Jr. (Ret.) as Special Master Pursuant to Federal Rule of Civil Procedure 53 ("Appointment Order") (Dkt. 120). In particular, the Amended Appointment Order shortened the timeframe parties have "to file objections to or motions to adopt or modify the Special Master's order, report and/or recommendation" to 72 hours form the day the Special Master files the order, report, and/or recommendation. Amended Appointment Order at 2. Tatung filed the instant Motion within 72 hours of this Court's entry of the Amended Appointment Order. Thus, the Court concludes Tatung's Motion was timely filed.

In addition, the Appointment Order specifically authorizes the Special Mater to "issue orders awarding any non-contempt sanctions against a party, including, without limitation, an award of attorneys' fees as provided by Rules 37 and 45." Appointment Order at 2; *see also* Fed. R. Civ. P. 53(c)(2). Finally, the Special Master may recommend contempt sanctions against a party. *Id.*; *see also* Fed. R. Civ. P. 53(c)(2).

Pursuant to Rule 53(f), the Court reviews *de novo* findings of fact made or recommended by the Special Master. The Court also reviews *de novo* any conclusions of law made or recommended by the Special Master.

### III. Discussion

As a preliminary matter, the Court notes Peak Paradise has not challenged any aspect of the Special Master's Amended Sanctions Ruling. Indeed, Peak Paradise does not challenge the Special Master's recommendation that this Court impose issue sanctions or issue an Order to Show Cause regarding civil contempt. Nor has Peak Paradise challenged the Special Master's detailed factual findings regarding Peak Paradise's conduct during discovery. Nonetheless, the Court will briefly discuss each aspect of the Special Master's Amended Sanctions Ruling. The Court will also address Peak Paradise's sole objection to Tatung's Motion – that Tatung requests additional relief that "oversteps the scope of the recommendation made by the Special Master." Opp'n at 1.

### A. The Special Master's Findings in Brief

The Court will not restate all of the Special Master's findings. However, the Court notes the Special Master concluded Peak Paradise "has engaged in a campaign of willful obfuscation and has failed in its obligations to answer discovery in a forthright manner." Amended Sanctions Ruling at 10; *see also id.* at 21 ("Peak has failed to provide accurate and complete information to the propounded discovery."); *id.* ("Peak has . . . [s]ubmitted false verifications under oath to give the false impression Peak has complied with this Court's orders and the Federal Rules."). Further, in the context of discussing "the prejudice caused by Peak's discovery failures," the Special Master stated such discovery failures: "pertain to matters both relevant and material to the underlying lawsuit," and "have not occurred in a vacuum, but

instead come after the Special Master has held several hearings and issued several previous orders regarding Peak's failures to satisfy its discovery obligations." *Id.* at 11. The Special Master also emphasized "Tatung has engaged in significant expense and effort in seeking to get valid and usable discovery information from Peak." *Id.*

The Amended Sanctions Ruling also detailed the ways in which Mr. Lee's deposition testimony – the sole principal of Peak Paradise – contradicted his verified responses to written discovery on the same issues. *See id.* at 11–20; *see also id.* at 22. The Special Master also noted that, after the conclusion of Mr. Lee's deposition testimony and before Tatung brought its Sanctions Motion, the Special Master ordered Peak Paradise to supplement its responses to certain written discovery. *Id.* at 20. Peak Paradise, "[i]n nearly every case," failed to provide substantive information and merely quoted from or summarized aspects of Mr. Lee's "unreliable deposition testimony." *Id.*

### B. Monetary Sanctions

Consistent with his authority, *see* Appointment Order at 2, the Special Master awarded sanctions in the form of attorney's fees and costs to Tatung and against Peak Paradise to cover the following items:

- Attorneys' fees for the preparation and taking of Mr. Lee's deposition in Taiwan;
- Travel costs and related expenses for attorney [Joseph S.] Wu's travel to and from Taiwan for Mr. Lee's deposition;
- Attorneys' fees for the review of Mr. Lee's deposition testimony in preparation for the subject motion for sanctions;
- Attorneys' fees incurred in preparing and arguing the subject motion for sanctions.

Amended Sanctions Ruling at 22–23. The Special Master concluded such monetary sanctions were justified "by Peak's violations of Federal Rules of Civil Procedure 26 and 37." *Id.* at 22.

Based on the facts and reasons set forth in the Amended Sanctions Ruling and in the absence of any objections, the Court hereby AFFIRMS and ADOPTS the Special Master's ruling as to monetary sanctions against Peak Paradise. *See* Fed. R. Civ. P. 26(g) ("If a certification violates this rule without substantial justification, the court . . . must impose an

appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."); Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

### C. Issue Sanctions

In addition to the monetary sanctions described above, the Special Master also concluded issue sanctions against Peak Paradise were "not only appropriate, but necessary." *Id.* at 23. The Special Master stated: "There is no reliable way for Tatung to prove the facts through a crucial witness who is either (1) unable to give accurate testimony, (2) deliberately dishonest, or (3) under the control of others who direct what he says and does without candor." *Id.* Thus, "[b]ecause Peak has repeatedly frustrated legitimate attempts to gain accurate and truthful information through discovery, and its participation in discovery has been so inaccurate or fraudulent as to prevent Tatung a fair opportunity to prove its case," the Special Master recommended issue sanctions against Peak Paradise to this Court. *Id.* Specifically, the Special Master recommended the following issue sanctions against Peak Paradise and Mr. Lee:

- First, neither Peak nor Mr. Lee should be allowed to rebut evidence that Peak engaged in fraudulent conduct against Tatung with regard to the transactions at issue.
- Second, neither Peak nor Mr. Lee should be allowed to rebut evidence that at all relevant times Peak was controlled by persons other than Mr. Lee.

*Id.* at 24.

The Court concludes the recommended issue sanctions are well supported by the Special Master's findings concerning Peak Paradise's conduct in discovery, including its failure to comply with discovery obligations and the Special Master's orders. *See* Fed. R. Civ. P. 26(g), 37(b)(2); *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) ("Rule 37(b)(2)(A) authorizes the court to impose whatever sanctions are just when a party fails to comply with a

discovery order . . . ."); *see also O'Connell v. Fernandez-Pol*, 542 Fed. App'x 546, 547–48 (9th Cir. 2013) ("By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). In addition, no party has objected to the Special Master's recommendations. Accordingly, the Court ADOPTS the Special Master's recommendations as to the issue sanctions.

**D.  Report and Recommendation to the District Court – Contempt Sanctions**

"Courts have inherent power to enforce their orders through civil contempt." *Aguilar v. Cty. of Fresno,* No. 1:08CV1202 AWI GSA, 2010 WL 1173014, at *2 (E.D. Cal. Mar. 23, 2010) *report and recommendation adopted*, No. CV081202AWIGSA, 2010 WL 1780239 (E.D. Cal. Apr. 30, 2010) (citing *Spallone v. United States*, 493 U.S. 265, 276 (1990)). In addition, pursuant to the Federal Rules of Civil Procedure, a party may be found in contempt for failure to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii); *United States v. Pivaroff*, No. 2:13-CV-01498-APG, 2015 WL 5089793, at *8 (D. Nev. Aug. 27, 2015).

As set forth above, the Special Master may recommend contempt sanctions against a party to the district court. Appointment Order at 2; *see also* Fed. R. Civ. P. 53(c)(2). The Special Master has done so here. Specifically, the Special Master stated:

> [T]his Court has issued no less than 13 previous discovery orders finding that Peak's discovery efforts have been deficient in some way. By failing to follow the Federal Rules of Civil Procedure and cooperate in discovery, Peak has violated these orders. As such the Special Master certifies these facts that Peak has acted in a manner in contempt of the Special Master's discovery orders, and issues this report and recommendation that Peak be required to appear to show cause to the District Court as to why it should not be adjudged in contempt by reason of its violations of those orders.

Amended Sanctions Ruling at 25.

Based on the Special Master's report and recommendation, and in the absence of any objection, the Court ORDERS Peak Paradise and its counsel of record to appear and show cause

1 to this Court as to why Peak Paradise should not be adjudged in contempt of the Special
2 Master's prior discovery orders on the day and time set forth below.

### E.  Other Relief Requested by Tatung

In addition to the sanctions set forth above, Tatung requests the Court enter an order requiring Peak Paradise and its counsel of record to "identify those person(s) controlling or otherwise acting on Peak's behalf who have the ability to compel Peak's compliance with [the Special Master's discovery orders] and can be held responsible for Peak's ongoing defiance of such orders." Mot. at 4. Specifically, Tatung asks to Court to order Peak Paradise to identify the individuals who have actual control over Peak, including during the time period of October 7, 2014 through September 22, 2015, and the individuals who are instructing Peak's counsel of record, including during the time period of October 7, 2014 through September 22, 2015. Proposed Order (Dkt. 602-3). In response, Peak Paradise asks the Court to "deny Tatung's Motion insofar as it demands that Peak and its counsel identify persons controlling or otherwise acting on Peak's behalf who have the ability to compel Peak's compliance and can be held responsible for Peak's non-compliance." Opp'n at 1. Peak Paradise argues Tatung's "proposed order oversteps the scope of the recommendation made by the Special Master." *Id.* Peak Paradise further asserts Tatung's request "reflects an improper application of contempt" and "is an interrogation that potentially pries into privileged matters." *Id.* at 3.

The Court agrees with Peak Paradise that the Amended Sanctions Ruling did not explicitly recommend such a sanction. However, the Special Master's failure to recommend something to the Court does not preclude the Court from concluding further sanctions are necessary to facilitate the issuance of meaningful relief. Indeed, "sanctions in civil contempt proceedings may be employed for either of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.,* 478 U.S. 421, 443 (1986) (citation and internal quotation marks omitted); *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Further, the "district court has wide discretion to fashion an equitable remedy for contempt that is appropriate to the circumstances." *E.E.O.C. v. Guardian Pools, Inc.*, 828

1  F.2d 1507, 1515 (11th Cir. 1987); *see also In re Russo*, 53 F.R.D. 564, 573 (C.D. Cal. 1971)
2  ("The very nature of contempt permits the court the broadest discretion to determine the
3  circumstances in which the interests of the court and the public have been disregarded and to
4  [determine] what conduct by the contemnor is required to vindicate those interests."); *Moore v.*
5  *Chase, Inc.*, No. 1:14-CV-01178-SKO, 2015 WL 5732805, at *3 (E.D. Cal. Sept. 29, 2015)
6  ("Where the objective of the contempt order is to ensure the contemnor's compliance, the court
7  must 'consider the character and magnitude of the harm threatened by continued contumacy,
8  and the probably effectiveness of any suggested sanction in bringing about the desired result.'")
9  (quoting *Bademyan v. Receivable Mgmt. Servs. Corp.,* No. CV–08–00519, 2009 WL 605789, at
10 *3 (C.D. Cal. Mar. 9, 2009)). As the Supreme Court stated in *McComb v. Jacksonville Paper*
11 *Co.*, 336 U.S. 187, 193 (1949), the Court has the power to "grant the relief that is necessary to
12 effect compliance with its decree. The measure of the court's power in civil contempt
13 proceedings is determined by the requirements of full remedial relief. They may entail the
14 doing of a variety of acts . . . ."

15 In its Opposition, Peak Paradise does not explain its assertions that Tatung's requested
16 relief "appears to seek attorney-client privileged information" and "potentially pries into
17 privileged matters" Opp'n at 3. Peak Paradise also fails to cite any authorities indicating the
18 requested relief "reflects an improper application of contempt." *Id.* Nonetheless, the Court
19 concludes granting this requested relief is inappropriate at this time. Rather, the Court directs
20 the parties to address whether this particular form of relief is warranted at the contempt
21 proceedings described below.

22 **IV.  Disposition**

23 Based on the foregoing, the Court hereby AFFIRMS the Amended Sanctions Order,
24 ADOPTS the Special Master's recommendations, and ORDERS as follows:

25 - Tatung's Motion is GRANTED as set forth below.
26 - The Court AFFIRMS and ADOPTS the recommendation of the Special Master
27   and issues sanctions as follows (the "Issue Sanctions"):

28

- o Neither Peak Paradise nor Mr. Lee should be allowed to rebut evidence that Peak engaged in fraudulent conduct against Tatung with regard to the transactions at issue; and
  - o Neither Peak Paradise nor Mr. Lee should be allowed to rebut evidence that at all relevant times Peak was controlled by persons other than Mr. Lee.
- The Issue Sanctions shall apply during the balance of this case, including in discovery proceedings and during trial on the merits of this case. These Issue Sanctions, while preclusive on these issues, are not tantamount to terminating sanctions, nor are they dispositive of any claim or defense. Tatung is still required to affirmatively prove its claims, and Peak Paradise is still entitled to rely on affirmative defenses.
- The Court further ORDERS Peak Paradise and its counsel of record to appear on May 2, 2016 at 8:30 a.m. to show cause as to why Peak Paradise should not be adjudged in contempt of the Special Master's prior discovery orders. Further, at the hearing, the Court shall hear argument as to whether Peak Paradise and its counsel of record should be required to identify the persons controlling or otherwise acting on Peak Paradise's behalf who have the ability to compel Peak Paradise's compliance with such orders and can be held responsible for Peak Paradise's defiance of such orders.

- If Peak Paradise objects to being held in contempt, it shall file a legal memorandum of points and authorities containing its objections no later than April 11, 2016. Tatung may file a response or memorandum supporting contempt on or before April 18, 2016.

*David O. Carter*
—————————————————
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

DATED:     March 16, 2016